UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTRACT DESIGN GROUP, INC., and
ROBERT MURRAY,

       Plaintiffs,                                    Case No: 10-14702

v.                                                   Hon. Victoria A. Roberts

WAYNE STATE UNIVERSITY, THE WAYNE
STATE UNIVERSITY BOARD OF GOVERNORS,
JAMES R. SEARS, JOAN M. GOSSMAN, and
JOHN L. DAVIS,

       Defendants.
_____/

**ORDER**

**I.    INTRODUCTION AND BACKGROUND**

Before the Court are several motions involving evidence and testimony, including motions in limine. Oral argument was heard on June 19, 2003.

This is an action for alleged violations under the United States and Michigan constitutions, and claims based on tort and contractual theories, between a contractor and a public university and its employees and agents.

Contract Design Group, Inc. ("CDG") is a flooring contractor; Robert Murray is its president (collectively, "Plaintiffs"). Wayne State University is a Michigan non-profit corporation and a state educational institution; James R. Sears, Joan M. Gossman, and John L. Davis were employed by it during the times relevant to this action. Wayne State University Board of Governors ("Board") is a state agency which conducts the affairs of Wayne.

1

CDG provided flooring work for Wayne under lump sum contracts. CDG then also entered into contracts with Wayne to provide an indefinite amount of floor covering work ("blanket contracts"). The blanket contracts carried time-and-material and unit-priced components, and included prevailing wage requirements for compensation of workers in Wayne's projects. The last blanket contract was entered into in 2008.

The crux of this litigation relates to Wayne's decision in 2009 to suspend CDG's work and terminate its contracts for alleged fraudulent behavior, breach of contract, and noncompliance with Michigan's Prevailing Wage and Projects Act, P.A. 166 of 1965 ("PWA"). Whistleblowers informed Wayne of CDG's alleged noncompliance. In October, 2009, Wayne notified CDG that it was considering debarring it from participation in any of Wayne's bid processes or awards, and gave it twenty days to submit information in opposition to the proposed debarment and a written request for a meeting to discuss it. A hearing was held on December 7, 2009. Wayne debarred Plaintiffs for three years.

Plaintiffs say the hearing was a "kangaroo court" proceeding; it was conducted without proper notice of the allegations against them, it was done without following Wayne's debarment policies, it was not recorded, and it did not afford Plaintiffs an opportunity for argument or presentation of evidence and testimony. They also say that they were *de facto* debarred prior to the hearing.

Plaintiffs claim that Wayne has refused to pay them for work they continued to perform on a lump sum basis up to the time of debarment, outside of the blanket contracts proceedings.

On July 8, 2011, Plaintiffs filed this lawsuit, claiming that Defendants assumed the State's function when prosecuting the prevailing wage law, and violated their

2

substantive and procedural due process and equal protection rights protected by the Fourteenth Amendment to the United States Constitution. Plaintiffs also allege state law claims; they say that Defendants violated the Michigan Constitution for the same reasons as the United States Constitution, and intentionally interfered with business relations and prospective business relations, and that their account with Wayne is stated and that their lump sum contracts were breached because they were not compensated.

On May 20, 2013, the Court entered an amended order granting in part and denying in part Defendants' motion for summary judgment. The claims headed for trial are:

(a) Count Two: Procedural Due Process under the U.S. Constitution;

(b) Count Four: Procedural Due Process under the Michigan Constitution;

(c) Count Five: Interference with Business Relations based on defamation;

(d) Count Six: Account Stated; and

(e) Count Seven: Breach of Contract.

## II. STANDARD OF REVIEW

District courts may rule on motions in limine under their authority to manage trials. The Court exercises its sound discretion when resolving questions of relevancy and admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).

## III. MOTIONS IN LIMINE

For the reasons stated on the record, the Court:

(A) **DENIES** Defendants' Rule 26 and *Daubert* Motion to Strike Plaintiffs'

3

Expert Report and Expert Ted Funke From Testifying (Doc. 107);

(B) **DENIES** Plaintiffs' Motion In Limine to Take Judicial Notice of Certain Facts (Doc. 128);

(C) **GRANTS** Plaintiffs' Emergency Motion to Amend/Correct the Parties Proposed Joint Final Pretrial Order to Add Tara Bride to Plaintiffs' List of May Call Testifying Witnesses (Doc. 141)

Plaintiffs may add Tara Bride to their witness list; Defendants will

not be unfairly prejudiced; they knew of Tara Bride's potential testimony

because Plaintiffs previously listed her as a witness. Defendants may add

Jack Finn and Adam Sandoval to their witness list;

(D) **DENIES** Plaintiffs' Motion in Limine to Exclude Evidence Regarding Unpleaded Affirmative Defenses or Counterclaims (Doc. 129);

(E) **DENIES** Plaintiffs' Motion in Limine to Exclude Documents Containing Hearsay Statements of Raymond Williams (Doc. 130)

Plaintiffs may seek a curative instruction that these statements are

not offered for their truth;

(F) **GRANTS** Plaintiffs' Motion in Limine to Exclude December 9, 2009 Email of Anthony Vittiglio to Linda Galante (Doc. 131);

(G) **DENIES** Defendants' Motion in Limine Regarding Debarment Standards (Doc. 132);

(H) **DENIES** Defendants' Motion in Limine to Exclude Evidence of George Dorset's Authority to Contract on Behalf of Wayne State University (Doc. 133).

**IT IS ORDERED.**

                                           S/Victoria A. Roberts
                                           Victoria A. Roberts
Dated: June 20, 2013             United States District Judge

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 20, 2013.

S/Carol A. Pinegar
Deputy Clerk