UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTRACT DESIGN GROUP, INC., and
ROBERT MURRAY,

      Plaintiffs,                                  Case No: 10-14702

v.                                                Hon. Victoria A. Roberts

WAYNE STATE UNIVERSITY, THE WAYNE
STATE UNIVERSITY BOARD OF GOVERNORS,
JAMES R. SEARS, JOAN M. GOSSMAN, and
JOHN L. DAVIS,

      Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR RECONSIDERATION (DOC. 149)**

This matter is before the Court on Plaintiffs' Motion for Reconsideration of this Court's Ruling That the March 15, 2010 Letter From the State Of Michigan Wage & Hour Division was Inadmissible, pursuant to Local Rule 7.1(h).

Local Rule 7.1(h)(3) provides the Court's standard of review:

Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

1

Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.*

In the June 19, 2013 hearing on motions in limine, the Court denied Plaintiffs' motion in limine to take judicial notice that the Wage and Hour Division of the Michigan Department of Labor & Economic Growth determined in a letter that the Prevailing Wage and Projects Act, P.A. 166 of 1965 did not apply to Plaintiffs' engagement of Raymond Williams d/b/a/ Williams Custom Carpet on Wayne State University's construction project. The Court further ruled that the letter was inadmissible under Federal Rule of Evidence 403.

However, the admissibility of the letter was not at issue in a motion before the Court.

Accordingly, Plaintiffs' motion for reconsideration is **GRANTED IN PART** and **DENIED IN PART**. The Court's refusal to take judicial notice stands; but, its ruling on the admissibility of the letter is vacated. Defendants may present their admissibility objection at trial.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 21, 2013

2

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 21, 2013.

S/Carol A. Pinegar
Deputy Clerk