UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTRACT DESIGN GROUP, INC., and
ROBERT MURRAY,

    Plaintiffs,

v.                                                 Case Number: 10-14702
                                                       Honorable Victoria A. Roberts

WAYNE STATE UNIVERSITY, THE WAYNE
STATE UNIVERSITY BOARD OF GOVERNORS,
JAMES R. SEARS, JOAN M. GOSSMAN, and
JOHN L. DAVIS,

    Defendants.
_____/

**ORDER DENYING PLAINTIFFS'
MOTION FOR AN ADVERSE INFERENCE (Doc. # 147)**

This matter is before the Court on Plaintiffs' "Motion for an Adverse Inference and Inspection Based Upon Wayne State's Non-Production of Documents Showing That Its Project Manager Approved Contract Design Group's Invoices for Payment" (Doc. # 147). Plaintiffs filed this motion on June 18, 2013 – shortly before trial was scheduled to begin – after Joel Quiroz, a former Wayne State employee, told them he had a thumb drive containing outstanding Contract Design invoices that were approved and signed by Wayne State's project manager.

Plaintiffs ask the Court for: (1) an order permitting them to review the contents of Mr. Quiroz's thumb drive; (2) an order compelling Wayne State to produce Mr. Quiroz's severance agreement; and (3) an adverse inference instruction based on Wayne State University's non-production of documents showing that its project manager approved Contract Design's invoices for payment. Defendants voluntarily produced Mr. Quiroz's

severance agreement and agreed to allow Plaintiffs to review his thumb drive.  The remaining issue is whether to issue an adverse inference instruction.

After Plaintiffs filed this motion, the Court adjourned trial and allowed the parties additional discovery regarding Mr. Quiroz's thumb drive and his allegation that Defendants had, but failed to produce, Contract Design's approved invoices for payment.  The parties submitted supplemental briefing based on the additional discovery.  This matter is fully briefed.

"[A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense."  *Beaven v. United States Dept. of Justice*, 622 F.3d 540, 553 (6th Cir. 2010) (citation omitted).

Plaintiffs fail to establish that an adverse inference instruction is appropriate.  First, there is no proof that the alleged approved invoices ever existed.  Therefore, the Court cannot conclude that Wayne State was "a party having control over the evidence," such that it "had an obligation to preserve it."  *See id.*  Likewise, there is insufficient evidence to conclude that such evidence was destroyed.  Plaintiffs rely on Mr. Quiroz's declaration and argue his thumb drive "contain[s] various relevant documents that Wayne State failed to produce during discovery," including the alleged approved invoices.  After reviewing the contents of the thumb drive, however, the parties did not find any of the alleged approved invoices.

Defendants submit the affidavits of several Wayne State employees. All employees declare that they never approved, or at least do not remember approving, any of the subject invoices. These employees also swear that they never came across any of the alleged approved invoices while compiling documents to produce. Therefore, whether the invoices ever existed comes down to a factual determination based on the statements of Mr. Quiroz – who incorrectly declared that his thumb drive contained the approved invoices – and the statements of the Wayne State employees. Because Plaintiffs do not establish that the alleged approved invoices ever actually existed, they fail to satisfy the first element for an adverse inference instruction.

Notwithstanding whether or not the approved invoices ever existed, an adverse inference instruction is inappropriate based on Plaintiffs failure to establish that Defendants had a "culpable state of mind." *See id.* at 554 (citation omitted)(holding that "[t]he 'culpable state of mind factor' is satisfied by a showing that the evidence was destroyed 'knowingly ... or negligently'").

There is no evidence showing, or suggesting, that Defendants knowingly destroyed evidence, and the facts do not support a finding that Defendants were negligent in preserving evidence. Rather, the evidence supports a finding that Defendants diligently, and in good faith, tried to find and produce all relevant documents in compliance with their discovery obligations. The evidence shows that Wayne State sent several emails directing employees to search and preserve evidence related to this litigation; Defendants spent great effort and numerous hours searching for and compiling relevant documents to produce. They did not act in bad faith.

Plaintiffs summarily contend that Defendants were negligent, at a minimum,

3

because they did not produce the alleged signed, approved invoices. However, the basis for Plaintiffs believing the invoices ever even existed – Mr. Quiroz's assertion that they were on his thumb drive – turned out to be false. Without any evidence that Defendants knowingly destroyed or negligently maintained documents, the Court cannot find that Plaintiffs established the "culpable state of mind" element.

Plaintiffs fail to establish that an adverse inference instruction is appropriate or warranted; their Motion for an Adverse Inference and Inspection is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 21, 2013

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 21, 2013.
>
> S/Linda Vertriest
> Deputy Clerk