UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTRACT DESIGN GROUP, INC., *et al.*,

                      Plaintiffs,                            Case No. 10-cv-14702
                                                          Honorable Gershwin A. Drain

v.

WAYNE STATE UNIVERSITY, *et al.*,

                      Defendants.

_____/

## ORDER DENYING DEFENDANTS' ORAL MOTION TO STRIKE PORTIONS OF OPENING STATEMENTS AND TO EXCLUDE EVIDENCE OF EMOTIONAL DAMAGES

### I.  INTRODUCTION

Presently before the Court in this 42 U.S.C. § 1983 denial of procedural due process action[1] is the Defendants' oral motion[2] to strike portions of Plaintiffs' statements during opening statements which referenced Plaintiff Robert Murray's non-economic damages attributable to his divorce and the deterioration of his relationship with his children.  Defendants also seek to strike Murray's request for emotional damages altogether.  For the reasons that follow, the Court denies Defendants' oral motion to strike opening statements and to preclude evidence of emotional damages.

### II.  DISCUSSION

Defendants argue that they received no notice that Plaintiffs sought non-economic, emotional

---

[1]  Plaintiffs also raise state law claims that have survived Defendants' Motion for Summary Judgment (Counts IV through VII).  *See* Dkt. No.  126.

[2]  The request was made during an early morning status conference on April 2, 2014, prior to the arrival of the jury.  At the conference, the Court ordered further briefing and both parties submitted briefing on April 4, 2014.  *See* Dkt.  Nos.  174 and 175.

damages pointing to the First Amended Complaint ("FAC") and Plaintiffs' Initial Disclosures. Contrary to Defendants' argument, Plaintiffs alleged in the FAC that they sought "damages consistent with 42 U.S.C. §1983." Am. Compl., ¶54. Defendants do not dispute that Murray is entitled to emotional distress damages based on the violation of his procedural due process rights and his state law claims. *See Carey v. Piphus*, 435 U.S. 247, 264 (1978) (holding that "mental and emotional distress caused by the denial of procedural due process itself is compensable under § 1983."); *see also Veselenak v. Smith*, 414 Mich. 567, 574, 327 N.W.2d 261, 264 (1982).

However, Defendants are correct that the Plaintiffs' Initial Disclosures are silent as to whether they sought non-economic damages. Plaintiffs' Initial Disclosures stated: "No final damages numbers have been computed. Contract Design Group has initially calculated direct and consequential damages in excess of $10 million." If a party does not disclose information that must be disclosed under 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c); *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004). Notwithstanding, Defendants fail to note that courts in this district faced with the same issue and a similar fact pattern have concluded the concerns in *Dickenson*, the only case cited by Defendants, are not present under circumstances like those present here because: "Rule 26(a)(1)(A)(iii) does not mean that plaintiff's must identify a specific sum to compensate them for injuries that are difficult to categorize, like anxiety or mental distress. The amount of compensation that should be awarded for such an injury may appropriately be left to the jury." *Wolgast v. Richards*, No. 05-10278-BC, 2011 U.S.Dist.LEXIS 86548, *11-12 (E.D. Mich. Aug. 5, 2011).

In *Wolgast*, the district court rejected the defendant's argument that the plaintiff's request for non-economic damages for "public humiliation, anxiety, and mental distress" should be dismissed

because $3,041.74 was the only amount identified in the plaintiff's amended disclosures. *Id.* The

court noted that the plaintiff also indicated he sought non-economic damages in his disclosures in

addition to identifying the $3,041.74 in economic damages. *Id.* The court opined that:

> [A]lthough a specific amount was not included in the initial disclosures, Defendant did receive notice that Plaintiff intended to seek such damages and the notice was supplemented by an April 18, 2011 settlement demand, which did list specific amounts. Thus, any error in Plaintiff's initial disclosures is harmless and Defendant's first motion in limine will be denied.

2011 U.S.Dist.LEXIS 86548, at \*12; *see also Goodell v. CitiMortgage*, No. 12-12979, 2013 WL

3466969, \*10 (E.D. Mich. Jul. 10, 2013) (rejecting the defendant's argument that plaintiffs should

be prevented from presenting non-economic damages evidence of "emotional distress, mental

anguish, disruption of lifestyle" because the plaintiffs "appropriately indicated in their Rule 26

disclosures that they would rely on the jury to compute the appropriate award."); *Santos v. Farmers*

*Ins. Exch.*, No. 07-11229, 2008 WL 2937778, \*2 (E.D. Mich. Jul. 24, 2008) (holding that

"damages based on pain and suffering . . . are generally not amenable to the type of disclosure

contemplated by Rule 26(a)(1)(A)(iii)."). As such, *Wolgast* and similar decisions stand for the

proposition that failure to disclose emotional distress damages does not require automatic dismissal

of such claims under Rule 37(c) of the Federal Rules of Civil Procedure.

Defendants complain that they continuously sought damages calculations, and Plaintiffs were

not forthcoming with this evidence. Plaintiffs maintain they cannot be faulted for failing to give

damages information with respect to Murray because Defendants only sought damages information

concerning Contract Design, a separate entity. Plaintiffs' argument is disingenuous considering their

Initial Disclosures did not indicate that they sought non-economic damages related to Murray's

emotional distress. Nor did any of Plaintiffs' supplemental disclosures put Defendants on notice of

their intent to recover such damages. While Plaintiffs could have been more forthcoming about the

divorce and the other emotional damages evidence by, at the very least, identifying in their supplemental disclosures their intent to recover Murray's non-economic emotional distress damages, Defendants were put on notice that Plaintiffs sought damages based on emotional distress by at least June of 2013, roughly ten months ago, when the parties submitted the Joint Final Pretrial Order ("JFPTO") and their proposed jury instructions.

Paragraph 16 of the JFPTO requests damages for emotional distress in the amount of $200,000.00 and Plaintiffs explicitly indicated that Defendants purported "false allegations" and "fraudulent behavior damaged Plaintiffs' reputations, caused Contract Design to lose a significant amount of its business, and *caused Murray significant emotional distress.*" *See* Dkt. No. 172 at 3-4, 16 (emphasis added). Additionally, the parties submitted proposed jury instructions along with the JFPTO which included two instructions on emotional distress damages under § 1983. *See* Martin A. Schwartz et al., Sec. 1983 Litig. Jury Instruc. 18.01.5 & 18.01.8 (2d ed. 2012).

This was at the same time the parties were engaged in extensive motion *in limine* practice. While Defendants filed numerous motions *in limine*, none of those motions raised any arguments that Defendants had not received evidence to support Plaintiffs' $200,000.00 non-economic, emotional damages calculation. Nor did Defendants raise this issue during two pre-trial conferences held before the Honorable Victoria Roberts when she presided over the instant matter. Defendants had ample time to move to re-depose Murray and to depose his ex-wife[3] and obtain evidence pertinent to this aspect of his claims.

---

[3] The Court declines to address Plaintiffs' arguments regarding the marital privilege as premature. The Court has no way of knowing whether the deposition questions will implicate the marital communications privilege, and whether Murray can establish the communications at issue were made in confidence. *See Bila v. Radioshack Corp.*, No. 03-10177-BC, 2004 U.S. Dist. LEXIS 24649, *44-47 (E.D. Mich. Nov. 23, 2004) (citing *Pereira v. United States*, 347 U.S. 1, 6 (1954)).

Moreover, it is also noteworthy that the Court conducted a status conference with the parties just prior to jury selection on March 31, 2014.  At the status conference, the Court provided both parties an opportunity to raise outstanding issues that had not been resolved by Judge Roberts prior to the reassignment of this matter. Defendants likewise did not raise any concerns about the $200,000.00 emotional distress damages request set forth in the JFPTO, nor the two proposed jury instructions regarding emotional distress damages in §1983 civil rights actions.

Defendants also rely on Magistrate Judge Hluchaniuk's March 27, 2012 decision concerning several discovery related disputes between the parties. *See* Dkt. No. 54. However, the issues before the Magistrate Judge did not relate to Murray's claim for emotional distress damages. Rather, the Magistrate Judge was tasked with determining whether Murray should produce his 2007 through 2010 tax returns based on his objection that the tax returns were not relevant to Contract Design's loss of business.

In addition to having sufficient notice of Plaintiffs intent to recover for Murray's emotional distress damages, the Court concludes that Plaintiffs failure to disclose their intent to seek non-economic damages earlier was harmless. *Wolgast*, 2011 U.S.Dist.LEXIS 86548, at *11-12.  The Court will permit Defendants an opportunity to obtain information relevant to emotional damages from Murray and his ex-wife prior to the end of trial.

Trial is in its infancy, the parties anticipate that it will take several more days.  The Court conducts trial for 3 to 3 and ½ hours each day, leaving a generous estimate of twenty to thirty hours until the anticipated end of trial to conduct depositions at Plaintiffs' expense. Lastly, the Court will permit the parties to recall Murray for further testimony after his deposition is retaken.  Thus, any failure with respect to Plaintiffs' emotional distress damages disclosures was harmless.

### III.  CONCLUSION

-5-

In light of the request for non-economic damages in the FAC, the June 2013 notice of Plaintiffs' emotional damages claim, and lack of harm from Plaintiffs failure to disclose same earlier, the Court concludes that the dismissal of Plaintiff's non-economic damages claim is unwarranted under the circumstances.

Therefore, IT IS ORDERED that Defendants' oral motion to strike portions of opening statements and to preclude evidence of emotional damages is DENIED.  IT IS FURTHER ORDERED that Defendants may re-depose Murray, not to exceed four hours, as well as may take the deposition of Murray's ex-wife, which shall not exceed seven hours in length.[4] Murray shall not testify to his emotional distress damages until Defendants have an opportunity to take his continued deposition.   The parties may recall Murray to testify concerning his emotional distress damages.


          SO ORDERED.


Dated: April 8, 2014                                  /s/Gershwin A Drain
                                                     GERSHWIN A. DRAIN
                                                     UNITED STATES DISTRICT JUDGE

---

   [4]   The Court notes that Defendants are not sufficiently detailed with respect to the information they believe they have been precluded from discovering from these witnesses and Murray's emotional damages claim.  Without more information, the Court finds there is no reason to conclude that the deposition of Murray's ex-wife will take longer than 7 hours nor that Murray's deposition will take longer than 4 hours because he has already been deposed.

-6-