UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONTRACT DESIGN GROUP, INC., a Michigan corporation, and ROBERT MURRAY,<br><br>    Plaintiffs,<br><br>v.<br><br>WAYNE STATE UNIVERSITY, THE WAYNE STATE UNIVERSITY BOARD OF GOVERNORS; JAMES R. SEARS, in his individual and official capacity; JOAN M. GOSSMAN, in her individual and official capacity; and JOHN L. DAVIS, in his individual and official capacity, jointly and severally,<br><br>    Defendants. | Case No.: 2:10-cv-14702<br><br>Honorable: Gershwin A. Drain<br>Magistrate Judge: Michael J. Hluchaniuk |
| Mark L. McAlpine (P35583)<br>Don W. Blevins (P64146)<br>David M. Zack (P69944)<br>**McAlpine & Associates, P.C.**<br>Attorneys for Plaintiffs<br>3201 University Drive, Suite 100<br>Auburn Hills, MI 48326<br>T: (248) 373-3700/ F: (248) 373-3708 | John M. Sier (P39336)<br>E. Joe Wloszek (P70954)<br>**Kitch Drutchas Wagner Valitutti & Sherbrook**<br>Attorneys for Defendants<br>One Woodward Ave., Suite. 2400<br>Detroit, MI 48226<br>T: (313) 965-2915/ F: (313) 965-7403 |

### DEFENDANTS' MOTION FOR LIMITED DISCOVERY RELATED TO PLAINTIFFS' REQUEST FOR ATTORNEY FEES [DKT. 234] AND BRIEF IN SUPPORT

Defendants, by their attorneys, KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK, respectfully moves this Court for entry of an

Order granting Defendants' Motion Permitting Discovery on Plaintiffs' Request for Attorney Fees [Dkt. 234], and state as follows:

1. On May 22, 2014, Plaintiffs filed their original Motion for Attorney's Fees and Expenses Under 42 U.S.C. § 1988. At that time, Plaintiffs sought $797,940.55 in attorney fees and $33,590.69 in out-of-pocket expenses. Dkt. 225.

2. On May 29, 2014, the Court struck Plaintiffs original Motion for Attorney Fees and Expenses [Dkt. 225]. Dkt. 228.

3. On June 6, 2014, Plaintiffs filed their Amended Motion for Attorney's Fees and Expenses Under 42 U.S.C. § 1988. Currently, Plaintiffs seek $839,402.30 in attorney fees and $33,590.69 in out-of-pocket expenses. Dkt. 234.

4. On June 20, 2014, this Court granted Defendants' request for an extension of time to respond to Plaintiffs' Motion for Attorney Fees [Dkt. 234] by 30 days.

5. After reviewing Plaintiffs' alleged time entries [Dkt. 234-4], various issues have arisen which make it difficult for Defendants to properly respond to Plaintiffs' current Motion. Examples include, but are not limited to, the following:

   a. Based upon the Slip ID numbers, it appears that many of the time entries may not be contemporaneous with the alleged work performed. From initial indications, several time entries are out of

KITCH DRUTCHAS
WAGNER VALITUTTI &
SHERBROOK
ATTORNEYS & COUNSELORS AT
LAW
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MI 48226-5485
(313) 965-7900

2

sequence by a minimum of several weeks, perhaps even longer. Defendants wish to perform discovery on the type of time record software Plaintiffs' counsel utilizes and whether the Slip ID numbers should correlate sequentially based on the date that the time entry was prepared.

b. In order to effectively review, sort and organize the time entries, it will be necessary to obtain the records in electronic format, and most billing systems can export a file in a format that is compatible with spreadsheet programs such as Microsoft Excel, which would permit a more meaningful review and evaluation.

c. Many of the time entries are vague and not sufficiently descriptive to entitle an award relative to a civil rights claim. For example, there are numerous circumstances where the entry is "Attention to" various vague topics without an adequate description of the <u>actual</u> work performed. Defendants wish to perform discovery on many of these entries.

d. There are various stray entries which do not appear correct. A few quick examples include 1) Ms. D'Agostini had time for a Motion for Summary Judgment and no such motion was pending at that time 2) Mr. Sanborn never attended Wayne State's Fed. R. Civ. P. 30(b)(6)

KITCH DRUTCHAS
WAGNER VALITUTTI &
SHERBROOK
ATTORNEYS & COUNSELORS AT
LAW
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MI 48226-5485
(313) 965-7900

      corporate deposition yet the time entries claim otherwise 3) Mr. Jezdimir performed research apparently unrelated to this case which was included in the request.

    e. The invoices submitted related to services allegedly performed by Plunkett Cooney contain several redactions without reduction of the fees sought.  Defendants are entitled to the unredacted invoices to identify the services for which the Plaintiff seeks recovery, especially since no attorney from Plunkett Cooney ever appeared in any manner on behalf of Plaintiff in any setting or forum.  There is no way for Defendants to assess the necessity of any services allegedly provided by Plunkett Cooney based simply on the invoices.

    6.    Based upon the inconsistencies, Defendants seek discovery on Plaintiffs' request for attorney fees possibly including, but not limited to, the depositions of Mark McAlpine, Don Blevins, David Zack, Dennis Cowen and the other attorneys from Plunkett Cooney.  Further Defendants seek discovery related to Plaintiffs' billing software and the reports generated by the software, as well as electronic versions of the reports.  Finally, Defendants ask for an order compelling Plaintiffs to produce said documents and/or witnesses for deposition by July 16, 2014 to allow for a meaningful response to Plaintiffs' Motion for Attorney Fees.

KITCH DRUTCHAS
WAGNER VALITUTTI &
SHERBROOK
ATTORNEYS & COUNSELORS AT
LAW
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MI 48226-5485
(313) 965-7900

7.     Pursuant to Local Rule 7.1, on June 18, 2014, counsel for Defendants discussed the bases for the present Motion with counsel for Plaintiffs and sent a follow-up e-mail regarding same. Plaintiffs denied concurrence in the relief requested on June 19, 2014.

WHEREFORE, Defendants respectfully request this Court grant their Motion for Limited Discovery on Plaintiffs' Request for Attorney Fees [Dkt. 234].

                          Respectfully submitted,

                          Kitch Drutchas Wagner
                          Valitutti & Sherbrook

                       By: /s/ *Joe Wloszek*_____
                          JOHN M. SIER (P39336)
                          SUSAN H. ZITTERMAN (P33392)
                          JOE WLOSZEK (P70954)
                          Attorneys for Defendants
                          One Woodward Avenue, Suite 2400
Date: June 23, 2014         Detroit, MI 48226-5485
                          (313) 965-7642

Kitch Drutchas Wagner Valitutti & Sherbrook
Attorneys & Counselors At Law
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONTRACT DESIGN GROUP, INC., a Michigan corporation, and ROBERT MURRAY, <br><br> Plaintiffs, <br><br> v. <br><br> WAYNE STATE UNIVERSITY, THE WAYNE STATE UNIVERSITY BOARD OF GOVERNORS; JAMES R. SEARS, in his individual and official capacity; JOAN M. GOSSMAN, in her individual and official capacity; and JOHN L. DAVIS, in his individual and official capacity, jointly and severally, <br><br> Defendants. | Case No.: 2:10-cv-14702 <br><br> Honorable: Gershwin A. Drain <br> Magistrate Judge: Michael J. Hluchaniuk |
| Mark L. McAlpine (P35583) <br> Don W. Blevins (P64146) <br> David M. Zack (P69944) <br> **McAlpine & Associates, P.C.** <br> Attorneys for Plaintiffs <br> 3201 University Drive, Suite 100 <br> Auburn Hills, MI 48326 <br> T: (248) 373-3700/ F: (248) 373-3708 | John M. Sier (P39336) <br> E. Joe Wloszek (P70954) <br> **Kitch Drutchas Wagner Valitutti & Sherbrook** <br> Attorneys for Defendants <br> One Woodward Ave., Suite. 2400 <br> Detroit, MI 48226 <br> T: (313) 965-2915/ F: (313) 965-7403 |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR LIMITED DISCOVERY RELATED TO PLAINTIFFS' REQUEST FOR ATTORNEY FEES [DKT. 234]**

Kitch Drutchas Wagner Valitutti & Sherbrook
Attorneys & Counselors At Law
One Woodward Avenue,
Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………..iii

CONCISE STATEMENT OF THE ISSUES PRESENTED……………………..iv

BRIEF IN SUPPORT…………………………………………………………...1

I.      STATEMENT OF MATERIAL FACTS…………………………………...1

II.     ARGUMENT…………………………………………………………….3

III.    CONCLUSION…………………………………………………………..5

**KITCH DRUTCHAS**
**WAGNER VALITUTTI &**
**SHERBROOK**
ATTORNEYS & COUNSELORS AT
LAW
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MI 48226-5485

(313) 965-7900

# TABLE OF AUTHORITIES

**Cases**

*Drexel Chem. Co. v. SGS Depauw & Stokoe*, 59 F.3d 170 (6th Cir. 1995)……….3

**Court Rules**

Fed. R. Civ. P. 26(b)(1)……………………………………………………………3

Fed. R. Civ. P. 26(b)(2)(C)……………………………………………………...3

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors At Law
One Woodward Avenue,
Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether Defendants should be permitted to perform limited discovery on Plaintiffs' request for attorney fees.

  **Defendants Answer:**   **Yes.**
  Plaintiff Answers:    No.

KITCH DRUTCHAS
WAGNER VALITUTTI &
SHERBROOK
ATTORNEYS & COUNSELORS AT
LAW
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MI 48226-5485
(313) 965-7900

# BRIEF IN SUPPORT

## I. STATEMENT OF MATERIAL FACTS

On May 22, 2014, Plaintiffs filed their original Motion for Attorney's Fees and Expenses Under 42 U.S.C. § 1988. At that time, Plaintiffs sought $797,940.55 in attorney fees and $33,590.69 in out-of-pocket expenses. Dkt. 225. On May 29, 2014, the Court struck Plaintiffs original Motion for Attorney Fees and Expenses [Dkt. 225]. Dkt. 228.

On June 6, 2014, Plaintiffs filed their Amended Motion for Attorney's Fees and Expenses Under 42 U.S.C. § 1988. Currently, Plaintiffs seek $839,402.30 in attorney fees and $33,590.69 in out-of-pocket expenses. Dkt. 234. After reviewing Plaintiffs' alleged time entries [Dkt. 234-4], Defendants have identified various areas which have raised concerns from Plaintiffs' fee petition including but not limited to the following areas:

 a. Based upon the Slip ID numbers, it appears that many of the time entries may not be contemporaneous with the alleged work performed. From initial indications, several time entries are out of sequence by a minimum of several weeks, perhaps even longer.

 b. In order to effectively review, sort and organize the time entries, it will be necessary to obtain the records in electronic format, and most billing systems can export a file in a format that is compatible with

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors At
Law
One Woodward Avenue,
Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

spreadsheet programs such as Microsoft Excel, which would permit a more meaningful review and evaluation.

c. Many of the time entries are so vague and not sufficiently descriptive to entitle an award relative to a civil rights claim. For example, there are numerous circumstances where the entry is "Attention to" various vague topics without an adequate description of the <u>actual</u> work performed (drafting, revising, reviewing, etc.)

d. There are various stray entries which do not appear correct. A few quick examples include 1) Ms. D'Agostini had time for a Motion for Summary Judgment and no such motion was pending at that time 2) Mr. Sanborn never attended Wayne State's Fed. R. Civ. P. 30(b)(6) corporate deposition yet the time entries claim otherwise 3) Mr. Jezdimir performed research that appears unrelated to this case which was included in the request. These are just a few examples given the voluminous documents attached to Plaintiffs' Motion and Defendants are continuing to assess the entries for any other inconsistencies.

e. The invoices submitted related to services allegedly performed by Plunkett Cooney contain several redactions without reduction of the fees sought. Defendants are entitled to the unredacted invoices to identify the services for which the Plaintiff seeks recovery, especially

Kɪᴛᴄʜ Dʀᴜᴛᴄʜᴀs
Wᴀɢɴᴇʀ Vᴀʟɪᴛᴜᴛᴛɪ &
Sʜᴇʀʙʀᴏᴏᴋ
Aᴛᴛᴏʀɴᴇʏs & Cᴏᴜɴsᴇʟᴏʀs Aᴛ
Lᴀᴡ
Oɴᴇ Wᴏᴏᴅᴡᴀʀᴅ Aᴠᴇɴᴜᴇ,
Sᴜɪᴛᴇ 2400
Dᴇᴛʀᴏɪᴛ, MI 48226-5485
(313) 965-7900

since no attorney from Plunkett Cooney ever appeared in any manner on behalf of Plaintiff in any setting or forum. There is no way for Defendants to assess the necessity of any services allegedly provided or the potential relationship to any claim based simply on the invoices.

## II. ARGUMENT

Pursuant to Fed. R. Civ. P. 26(b)(1), "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Defendants seek limited discovery pertaining to Plaintiffs' billing software and apparent inconsistencies in Plaintiffs' request for fees. See *Drexel Chem. Co. v. SGS Depauw & Stokoe*, 59 F.3d 170 (6th Cir. 1995) (remanding the case to the district court for further fact-finding and discovery).

None of the exceptions in Fed. R. Civ. P. 26(b)(2)(C) apply. First, the discovery is not unreasonably cumulative or duplicative, because the information sought cannot be obtained from another source that is more convenient, less burdensome, or less expensive. Plaintiffs have submitted bills which contain apparent inconsistencies, may not be contemporaneous and contain some redactions about which Defendants are entitled to limited discovery in order to investigate the veracity of the charges. Second, Defendants have not had ample time to perform discovery on plaintiffs' request for attorney fees. In fact,

Kitch Drutchas Wagner Valitutti & Sherbrook
Attorneys & Counselors At Law
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

3

Defendants have not had any discovery on Plaintiffs' request for attorney fees. Third, the burden on Plaintiffs to provide limited discovery on their attorney fee petition does not outweigh the benefit. Plaintiffs are claiming over $800,000 in attorney fees alone and an approximately $40,000 increase in a two-week period between Plaintiffs' original request for attorney fees and Plaintiffs' amended request for attorney fees. In order for Defendants to adequately challenge portions of Plaintiffs' fee application, Defendants require limited discovery to resolve some questions which have arisen from Plaintiffs billing such as, 1) Does Plaintiffs' billing software keep track of when time was entered? 2) Is it possible to enter or revise time entries weeks, if not months, after the fact? 3) Did Plaintiffs' counsel enter or revise time entries, weeks, if not months, after the fact? 4) Can Plaintiffs' counsel adequately define what entries labeled "Attention to" mean or describe 5) What services were provided by Plunkett Cooney relative to the claims that were litigated?

     To be clear, Defendants are not seeking privileged information. Defendants seek information solely related to billing software utilized by Plaintiffs' counsel and to resolve apparent discrepancies in the fee petition.

KITCH DRUTCHAS
WAGNER VALITUTTI &
SHERBROOK
ATTORNEYS & COUNSELORS AT
LAW
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MI 48226-5485
(313) 965-7900

4

## III. CONCLUSION

Defendants seek limited discovery in order to investigate and assess the invoices submitted in support of Plaintiffs' Motion for Attorney Fees.

WHEREFORE, Defendants respectfully request this Court grant their Motion for Limited Discovery on Plaintiffs' Request for Attorney Fees [Dkt. 234].

          Respectfully submitted,

          Kitch Drutchas Wagner
          Valitutti & Sherbrook

     By: /s/ *Joe Wloszek* _____
          JOHN M. SIER (P39336)
          JOE WLOSZEK (P70954)
          Attorneys for Defendants
          One Woodward Avenue, Suite 2400
          Detroit, MI 48226-5485
Date: June 23, 2014      (313) 965-7926

KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK
ATTORNEYS & COUNSELORS AT LAW
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MI 48226-5485
(313) 965-7900

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONTRACT DESIGN GROUP, INC., a Michigan corporation, and ROBERT MURRAY, <br><br> Plaintiffs, <br><br> v. <br><br> WAYNE STATE UNIVERSITY, THE WAYNE STATE UNIVERSITY BOARD OF GOVERNORS; JAMES R. SEARS, in his individual and official capacity; JOAN M. GOSSMAN, in her individual and official capacity; and JOHN L. DAVIS, in his individual and official capacity, jointly and severally, <br><br> Defendants. | Case No.: 2:10-cv-14702 <br><br> Honorable: Gershwin A. Drain <br><br> Magistrate Judge: Michael J. Hluchaniuk |
| Mark L. McAlpine (P35583) <br> Don W. Blevins (P64146) <br> David M. Zack (P69944) <br> **McAlpine & Associates, P.C.** <br> Attorneys for Plaintiffs <br> 3201 University Drive, Suite 100 <br> Auburn Hills, MI 48326 <br> T: (248) 373-3700/ F: (248) 373-3708 | John M. Sier (P39336) <br> E. Joe Wloszek (P70954) <br> **Kitch Drutchas Wagner Valitutti & Sherbrook** <br> Attorneys for Defendants <br> One Woodward Ave., Suite. 2400 <br> Detroit, MI 48226 <br> T: (313) 965-2915/ F: (313) 965-7403 |

## **DECLARATION OF SERVICE**

I hereby certify that on June 23, 2014, the foregoing paper was presented and uploaded to the United States District Court ECF System which will send notification of such filing to the attorneys of record listed herein and I hereby certify that a copy of this same document(s) was mailed by US Postal Service to any involved non-ECF participant.

             */s/ Joe Wloszek*
             Joe Wloszek

Kitch Drutchas Wagner Valitutti & Sherbrook
Attorneys & Counselors At Law
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

DET02:1892591.2