UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTRACT DESIGN GROUP, INC., *et al*.

    Plaintiffs,

Case No. 10-14702
Hon. Gershwin A. Drain

*v*.

WAYNE STATE UNIVERSITY, *et. al.,*

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO STAY EXECUTION OF JUDGMENT AND WAIVING REQUIREMENT DEFENDANTS POST SECURITY PENDING THE STAY

### I.  Introduction

Plaintiffs Contract Design Group, Inc. ("CDG") and Robert Murray ("Murray") filed a Complaint against Defendants Wayne State University and the Wayne State University Board of Governors ("Wayne"). Plaintiffs also named three Wayne employees as Defendants: James R. Sears ("Sears"), Joan M. Gossman ("Gossman") and John L. Davis ("Davis"). This case went to trial, and on April 24, 2014, a jury returned a verdict for Plaintiffs on their counts of violation of procedural due process, account stated, and breach of contract. *See* Dkt. # 203. Presently before the Court is Wayne, Sears, Gossman, and Davis' Motion to Stay Execution of the Judgment and waive the requirement that Defendants post a security should the Court grant a stay. The Motion

is fully briefed, but the Court believes oral argument will not assist in the resolution of the issue. Therefore, the hearing is cancelled pursuant to Local Rule 7.1(f)

## II.   Factual Background

At the end of Plaintiffs' case in chief, Defendants moved for a Judgment as a Matter of Law.  At the end of Defendants' case in chief, the Defendants renewed their Motion.  The Court denied the Motion in part and granted the Motion in part as it related to Plaintiffs' request for punitive damages.  On the day the Court entered the Judgment, Plaintiffs filed a Motion for an Entry of an Award for Nominal Damages for CDG [#207] that is currently pending before the Court.  Also pending are Defendants' Motion for a New Trial or Remittitur [#217], Defendants' Renewed Motion for a Judgment as a Matter of Law [#218], and Plaintiffs' Motion for Attorneys' Fees and Expenses Under 42 U.S.C. § 1988 [#234].[1]

## III.   Analysis

### A.  Standard of Review

Rule 62(b) of the Federal Rules of Civil Procedure gives the district court the authority to stay the execution of a judgment while there is a pending motion for a judgment as a matter of law; motion to amend the findings or for additional things; motion for a new trial or amend a judgment; or motion for relief from  judgment or order.  *See* Fed. R. Civ. P. 62(b).  Courts consider a set of four factors when determining whether to grant a stay: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public

---

[1] There are also motions pending that relate to interest and taxation of the judgment.

interest lies *Nken v. Holder*, 556 U.S. 418, 434 (2009). The stay must be "on appropriate terms for the other party's security," and what is appropriate terms is within the trial court's discretion. *See* Fed. R. Civ. P. 62(b); *see also Lewis v. United Joint Venture*, No 07-369, 2009 WL 1654600, at * 1. (W.D. Mich. June 10, 2009).

There is a presumption in favor of requiring a bond if the court grants the stay, but the court can forgo the bond in a limited set of circumstances. *Newburgh/Six Mile Lit. Partnership II v. Adlab Films USA, Inc*., No. 09-cv-11067, 2010 WL 3167393, at 1 (E.D. Mich. Aug. 9, 2010). The party seeking an unsecured stay bears the burden of demonstrating "affirmatively that posting a bond or otherwise providing a security is impossible or impractical." *Slip N' Slide Records, Inc. v. TVT Records, LLC*, No. 05-21113, 2007 WL 1098751, at *2 (citing *Int'l Wood Processors v. Power Dry, Inc*., 102 F.R.D. 212, 214 (D.S.C. 1984)). If there is no security, the defendant must show that the plaintiff has some protection against the risk that the defendant will not be able satisfy the judgment after disposition of the post-trial motions. *Id*. Thus, it is appropriate for the court to consider the defendant's financial situation. *Frankel v. I.C.D. Holdings S.A*., 168 F.R.D.19, 22 (S.D.N.Y. 1996). This is an important factor in the court's decision making process because the "purpose of Rule 62(b) is to preserve the status quo until disposition of the post-judgment motions." *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979). Many courts analyzing motions under Rule 62(b) have looked to the factors for waiver of a bond under Rule 62(d) when deciding whether to waive Rule 62(b)'s bond requirement. *Id*. at 1191.

### B. Defendants' Motion

Defendants argue the stay is appropriate because there are motions pending under Rule 50 and Rule 59 of the Federal Rules of Civil Procedure. Defendants also argue the Court should waive the requirement that they post bond.

Given the outstanding post-trial motions the stay is appropriate. Additionally, Wayne is a public university supported by an appropriation from the Michigan legislature, and Wayne will indemnify the individual defendants in this case as well. One factor relevant to waiving a bond under Rule 62(d) is whether the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money. *Arban v. West Publ'g Corp.*, 345, F.3d 390, 409 (6th Cir. 2003) (upholding district court ruling that a corporation with revenue in excess of $2.5 billion did not have to post a bond for a judgment in excess of $200,000); *see also Dillon v. City of Chicago*, 866 F.2d, 902, 904-05 (7th Cir. 1988) (reversing a district court denial of waiver of bond because the city of Chicago's appropriation from the state of Illinois legislature provided it with sufficient funds to satisfy a judgment against its police department).

Wayne is similar to the city of Chicago in *Dillon* because its funding comes from an appropriation from the Michigan legislature. According to an affidavit from Wayne's Treasurer, the university has $183.5 million in unrestricted net assets from which it can satisfy a judgment once the court disposes of the post-trial motions. *See* Defs.' Ex. A. The judgment in this case is $550,000. *See* Dkt. # 203. Wayne has sufficient funds to satisfy this judgment if it is not successful on its post-judgment motions. Given the amount and source of Wayne's funds the third and fourth factors of the *Nken* test weigh in favor of the stay. Plaintiffs will not be injured because the funds will be available to Wayne if it is not successful on its post judgment motions.

The public has an interest in Wayne being able to use its funds to carry out its mission of providing educational and research services to the public. Therefore, the Court will GRANT the Motion to Stay under Rule 62(b), and waive the requirement that Defendants post a security.

### IV. Conclusion

For the reasons mentioned above, the Court will GRANT Defendants' Motion [#210] and waive the bond requirement.

SO ORDERED.

Dated: June 25, 2014

/s/Gershwin A Drain
Hon. Gershwin A. Drain
U.S. District Court Judge