UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONTRACT DESIGN GROUP, INC., a Michigan corporation, and ROBERT MURRAY, | Case No.: 2:10-cv-14702 |
| Plaintiffs, | Honorable: Gershwin A. Drain |
| v. | Magistrate Judge: Michael J. Hluchaniuk |
| WAYNE STATE UNIVERSITY, THE WAYNE STATE UNIVERSITY BOARD OF GOVERNORS; JAMES R. SEARS, in his individual and official capacity; JOAN M. GOSSMAN, in her individual and official capacity; and JOHN L. DAVIS, in his individual and official capacity, jointly and severally, | |
| Defendants. | |

| | |
|---|---|
| Mark L. McAlpine (P35583) | John M. Sier (P39336) |
| Don W. Blevins (P64146) | Susan Healy Zitterman (P33392) |
| David M. Zack (P69944) | E. Joe Wloszek (P70954) |
| **McAlpine & Associates, P.C.** | **Kitch Drutchas Wagner** |
| Attorneys for Plaintiffs | **Valitutti & Sherbrook** |
| 3201 University Drive, Suite 100 | Attorneys for Defendants |
| Auburn Hills, MI 48326 | One Woodward Ave., Suite. 2400 |
| T: (248) 373-3700 | Detroit, MI 48226 |
| F: (248) 373-3708 | T: (313) 965-2915 |
| | F: (313) 965-7403 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LIMITED DISCOVERY RELATED TO PLAINTIFFS' REQUEST FOR ATTORNEY FEES [DKT. 234]**

In Defendants' Motion for Limited Discovery [Dkt. 246], Defendants pointed out numerous instances where Plaintiffs' Motion for Attorney Fees included 1) non-contemporaneous time entries including alleged entries that were weeks—if not months—after-the-fact, 2) demonstrably incorrect entries, 3) wrong case entries 4) entries which were so vague neither Defendants nor this Court could determine with reasonable accuracy what work was actually performed and 5) redacted time entries for Plunkett Cooney.  Defendants seek limited discovery related to Plaintiffs' fee request [Dkt. 234] based upon those areas which, in turn, should resolve these issues or facilitate better briefing before this Court for Defendants' Response to Plaintiffs' Motion for Attorney Fees.  In essence, Plaintiffs' Response [Dkt. 254] argues that this Court should not exercise its discretion and permit Defendants limited discovery.  Given that limited discovery should resolve many of the outstanding issues in Plaintiffs' fee request, Defendants ask this Court to allow limited discovery in this case.

**I.     Discovery Regarding Plaintiffs' Alleged Attorney Fees is Appropriate**

Discovery regarding an application for attorney fees is appropriate when the documentation provided by a plaintiff is inadequate. *Henson v. Columbus Bank & Trust Co.,* 770 F.2d 1566, 1574 (11th Cir. 1985).  According to Vol. 10 *Moore's Federal Practice*, §54.156 (Matthew Bender 3d Ed.), the full panoply of discovery is available to the non-movant of a fee request including, but not limited to, interrogatories, requests to produce documents, admissions and depositions.

Specifically, the deposition of opposing counsel is allowed. As stated in *Moore's*, supra at §54.156, "[i]n the context of a fee dispute, such a deposition [of opposing counsel] may well be proper, because opposing counsel will often be the only source of testimony **as to the claimed hours and rate**." *See also*, *Jordan v. United States Dept. of Justice*, 691 F.2d 514, 519-20 (D.C. Cir. 1982). Emphasis added. According to *Moore*'s, supra at §54.156, a deposition of opposing counsel might "occasionally raise issues of attorney-client privilege, but those issues are usually not complex." *Id.* Therefore, this is not an issue, as Plaintiffs suggest, of "second major litigation" but instead an issue of limited discovery to resolve outstanding issues such as the five areas outlined in Defendants' Motion [Dkt. 246]. Each of those five separate areas is addressed more fully below.

**II.**     **Plaintiffs Failed to Refute Any of Defendants' Initial Concerns Regarding Plaintiffs' Fee Petition**

    **A.**     **Plaintiffs Failed to Provide Any Basis for Non-Contemporaneous Time Entry Billing**

Plaintiffs have the "burden of establishing the right to a fee, as well as the hours claimed and the appropriate hourly rate, and must carry that burden by submitting adequate evidentiary proof." Vol. 10 *Moore's Federal Practice*, §54.155[1][a] (Matthew Bender 3d Ed.); *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). The failure to do so is sufficient ground to deny the fee petition. See, e.g. *In re Central Ice Cream Co.*, 836 F.2d 1068, 1074 (7th Cir. 1987) (the court could have denied fees based on the inadequacy of the documentation presented).

"**Every court of appeals** has expressed a preference that documentation of the claimed hours be in the form of **contemporaneously prepared time records**." Vol. 10 *Moore's Federal Practice*, §54.155[1][b] (Matthew Bender 3d Ed.). Emphasis added.

Under the majority rule, "The lack of contemporaneous records does not justify an automatic reduction in the hours claimed, but such hours should be credited only if **reasonable** under the circumstances and **supported by other evidence such as testimony or secondary documentation**. *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 12 U.S.P.Q.2d 1412 (9th Cir. 1989) (citing *Johnson v. University College*, 706 F.2d 1205, 1207 (11th Cir.1983)).  The Sixth Circuit follows the majority rule and has emphasized the importance of keeping contemporaneous records.  For instance, in *Kelley v. Metro. County Bd. of Educ.*, 773 F.2d 677, 683-84 (6th Circuit 1985), the Sixth Circuit approved an overall reduction in a case where the attorneys failed to keep contemporaneous time records and thus had to reconstruct them from memory.  See also, A*mericans United for Separation of Church and State v. Sch. Dist. of the City of Grand Rapids*, 717 F.Supp. 488, 494 (W.D.Mich. 1989).  Some courts have even taken a harsher approach and reduced non-contemporaneous hours by a substantial reduction. *Tenessee Gas Pipeline, Co. v. 104 Acres of Land*, 32 F.3d 632, 634 (1st Cir. 1994) (reduction of 30% of claimed hours affirmed on appeal for failure to keep contemporaneous hours); *Scott v. City of N.Y.*, 643 F.3d 56, 58-59 (2d Cir.

3

2011) (per curium); *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d. Cir. 1983) (if contemporaneous time records are unavailable, hours may be reduced by an amount deemed reasonable by the district court even if that means a reduction of almost 90%); *In re Donovan*, 877 F.2d 982, 994 (D.C. Cir. 1989).

Under the lodestar method of calculating attorney's fees, the court should begin with the attorney's contemporaneous billing records. *Bogan v. City of Boston*, 489 F.3d 417, 426 (1st Cir. 2007); *Am. Fed. Bank, FSB v. United States*, 74 Fed. Cl. 208, 220 (Fed. Cl. 2006); *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 402 F.3d 332, 339 (2d Cir. 2005). A court should deduct the hours that are not entered as contemporaneous time records. See *Hensley v. Eckerhart*, 461 U.S. 424, 438 n.13 (1983) (finding that the district court properly reduced the hours of an attorney to account, in part, for his failure to keep contemporaneous time records). Based upon the foregoing, Defendants seek limited discovery regarding Plaintiffs' billing records in electronic format to determine the reasonableness of the request and whether the SLIP IDs correlate to contemporaneous time entries.

**B.    Plaintiffs Offer No Basis for Denying Production of Their Time Records in a Searchable Format**

In Defendants' Motion [Dkt. 246], Defendants' sought a copy of Plaintiffs' time records in a searchable format such as Microsoft Excel. Plaintiffs' apparent defense for not providing their time records in a searchable format is that they see

4

"no reason why Defendants cannot already input Plaintiffs' time records into Microsoft Excel." Dkt. 254, Pg ID 10142.

Plaintiffs should be required to produce their alleged attorney fees in a searchable format such as Microsoft Excel for two primary reasons. First, Plaintiffs' Response Brief [Dkt. 254] does not deny that Plaintiffs have the <u>capability</u> of exporting the information in a searchable format. Thus, the burden on Plaintiffs is minimal, at best. Second, Plaintiffs alleged records consist of approximately 100 pages and over $840,000 in requested fees. See Dkt. 234. Given that the burden is on Plaintiffs to support a request for attorney fees, Plaintiffs should produce their alleged attorney fees in an electronic format. In good faith, Defendants have attempted to convert the alleged attorney fees into a searchable format, but the time involved has proven unreasonable and unduly burdensome.

    **C.**    **Plaintiffs Offer No Defense for Vague Time Entries Such as "Attention to" Without the Actual Work Allegedly Being Performed**

Many of Plaintiffs' time entries are vague and impossible to tell the reasonableness of the purported fees. Plaintiffs' response claims that "Yet Defendants have not pointed to a single specific fee entry that is supposedly vague." Dkt. 254; Pg ID 10142. Contrary to Plaintiffs' assertion, Defendants specifically pointed to the time entries [primarily by Mark McAlpine] which indicated "Attention to" without adequate description of what work was actually

5

being performed (i.e. drafting, revising, reviewing, etc.). See Dkt. 246, Pg. ID 9987.

For example, as best Defendants' counsel can calculate, Plaintiffs allege over $97,000 in purported fees which include the phases "attention to" and Mr. McAlpine alone is over $61,000 of those purported fees. While there are numerous examples, a few examples of Mr. McAlpine illustrate the vagueness of the alleged time entries such as "Attention to litigation planning" (2 hours), "Attention to status of filing" (.4 hours); "Attention to scheduling order" (1.7 hours); "Attention to discovery" (2.8, 2.3, 3.6, 2.3, 3.2, 2.0, 2.4, 1.5 and 1.1 hours). Defendants seek limited discovery to understand what "attention to" actually means given that 1.7 hours for 'Attention to scheduling order' appears wholly inappropriate and unreasonable, but without additional information, Defendants are unable to adequately challenge such a vague entry.

### D. Plaintiffs Admit to an Error Regarding Their Attorney Fees

Defendants' Motion highlighted some alleged time entries by Plaintiffs that Defendants believed were incorrect or 'stray' entries unrelated to the current litigation. Dkt. 234. Plaintiffs failed to defend against any of the incorrect entries except for a cursory, but important, admission that Plaintiffs' time entries were inaccurate with regard to one of Defendants' examples. Given Plaintiffs failure to address any of the other alleged inconsistencies, Defendants seek limited discovery

to address entries which appear unrelated to the current litigation or are facially incorrect.

### E. Defendants Seek Discovery Related to Invoices by Plunkett Cooney

Simply, in order for Defendants to analyze, in context, those portions of Plunkett Cooney's portion of the unredacted fee request, Plaintiffs should be required to produce the redacted time records for Plunkett Cooney.

## CONCLUSION

Defendants seek limited discovery pertaining to Plaintiffs' Motion for Attorney Fees. Defendants respectfully request this Court exercise judicial discretion and permit Defendants the ability to adequately investigate Plaintiffs' request for attorney fees. In turn, this should assist this Court in rendering a decision regarding whether Plaintiffs are entitled to attorney fees and, if so, the amount that is appropriate under all of the relevant factors.

WHEREFORE, Defendants respectfully request this Court grant Defendants' Motion for Limited Discovery Related to Plaintiffs' Request for Attorney Fees [Dkt. 234] and award any other relief that is equitable and just.

KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK

Date: July 17, 2014

/s/ Joe Wloszek_____
John M. Sier (P39336)
Susan Healy Zitterman (P33392)
Joe Wloszek (P70954)
Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| CONTRACT DESIGN GROUP, INC., a Michigan corporation, and ROBERT MURRAY,<br><br>    Plaintiffs,<br><br>v.<br><br>WAYNE STATE UNIVERSITY, THE WAYNE STATE UNIVERSITY BOARD OF GOVERNORS; JAMES R. SEARS, in his individual and official capacity; JOAN M. GOSSMAN, in her individual and official capacity; and JOHN L. DAVIS, in his individual and official capacity, jointly and severally,<br><br>    Defendants. | Case No.: 2:10-cv-14702<br><br>Honorable: Gershwin A. Drain<br><br>Magistrate Judge: Michael J. Hluchaniuk |
| Mark L. McAlpine (P35583)<br>Don W. Blevins (P64146)<br>David M. Zack (P69944)<br>**McAlpine & Associates, P.C.**<br>Attorneys for Plaintiffs<br>3201 University Drive, Suite 100<br>Auburn Hills, MI 48326<br>T: (248) 373-3700/ F: (248) 373-3708 | John M. Sier (P39336)<br>Susan Healy Zitterman (P33392)<br>E. Joe Wloszek (P70954)<br>**Kitch Drutchas Wagner Valitutti & Sherbrook**<br>Attorneys for Defendants<br>One Woodward Ave., Suite. 2400<br>Detroit, MI 48226<br>T: (313) 965-2915/ F: (313) 965-7403 |

## **DECLARATION OF SERVICE**

I certify that on July 17, 2014 the foregoing paper was presented and uploaded to the United States District Court ECF System which will send notification of such filing to the attorneys of record listed herein and I hereby certify that a copy of this same document(s) was mailed by US Postal Service to any involved non-ECF participant.

                                            */s/ Joe Wloszek (P70954)*
                                              Attorney for Defendants

DET02:1902217.1