UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTRACT DESIGN GROUP,
INC., a Michigan corporation, and
ROBERT MURRAY,

      Plaintiffs,

v.

WAYNE STATE UNIVERSITY,
THE WAYNE STATE
UNIVERSITY BOARD OF
GOVERNORS; JAMES R. SEARS,
in his individual and official
capacity; JOAN M. GOSSMAN, in
her individual and official capacity;
and JOHN L. DAVIS, in his
individual and official capacity,
jointly and severally,

      Defendants.

Case No.:  2:10-cv-14702

Honorable:  Gershwin A. Drain

Magistrate Judge:
Michael J. Hluchaniuk

| | |
|---|---|
| Mark L. McAlpine (P35583) | John M. Sier (P39336) |
| Don W. Blevins (P64146) | E. Joe Wloszek (P70954) |
| David M. Zack (P69944) | Susan Healy Zitterman (P33392) |
| **McAlpine & Associates, P.C.** | **Kitch Drutchas Wagner** |
| Attorneys for Plaintiffs | **Valitutti & Sherbrook** |
| 3201 University Drive, Suite 100 | Attorneys for Defendants |
| Auburn Hills, MI 48326 | One Woodward Ave., Suite 2400 |
| T: (248) 373-3700 | Detroit, MI 48226 |
| F: (248) 373-3708 | T: (313) 965-2915 |
| | F: (313) 965-7403 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
ATTORNEY FEES AND EXPENSES UNDER 42 U.S.C.§1988, BRIEF IN
SUPPORT AND DECLARATION OF SERVICE**

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

NOW COME the defendants, Wayne State University, The Wayne State University Board Of Governors, James R. Sears, Joan M. Gossman, and John L. Davis, by and through their attorneys, KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK, and in response to plaintiff's motion for attorney fees and expenses under U.S.C. §1988 state as follows:

1.      Plaintiff CDG may not be awarded any attorney fees under 42 U.S.C. §1988, as the jury awarded no damages on the due process claim, and a nominal damage award by this Court post-judgment would not permit an award of fees under binding precedent.

2.      CDG is not entitled to attorney fees on the state law defamation, contract and account stated claims.

3.      Special circumstances exist as warrant the denial of attorney fees to Robert Murray, given the jury's finding that WSU correctly determined that Mr. Murray engaged in fraudulent misconduct that justified debarment, and the patently excessive fees demanded.

4.      Alternatively, at a minimum, Mr. Murray may only recover a reasonable attorney fee for services that he demonstrates were related to litigation of his claim--the sufficiency of the pre-debarment procedure.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

1

5.     Mr. Murray may not recover fees for attorneys' hours devoted to litigation of co-plaintiff CDG's claims for economic damages related to the merits of the debarment, the lump sum contracts, or defamation claims.

6.     In determining hours component of the lodestar, the hours claimed by plaintiff in exhibit 4 are patently excessive, and assessable fees must be limited to those shown by adequate description to have been necessary to prosecution of Murray's claim of deficient pre-debarment procedure.

7.     Once the Court determines the "lodestar,"--the proven number of hours reasonably expended on Murray's pre-debarment procedure claim by plaintiff's counsel, multiplied by the reasonable hourly rate--the Court should adjust the amount down based on relevant considerations.

8.     Alternatively, if Mr. Murray is permitted to recover fees for services related to co-plaintiff CDG's economic damages claims, the fees for those services in plaintiffs' exhibit 4 are patently excessive and unreasonable.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

WHEREFORE defendants Wayne State University, The Wayne State University Board of Governors, James R. Sears, Joan M. Gossman, and John L. Davis respectfully request that this Honorable Court deny in full or in part plaintiff's motion for attorney fees and expenses under U.S.C. §1988.

KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK

By:    /s/ John M. Sier_____
       John M. Sier (P39336)
       Joe Wloszek (P70954)
       Susan Healy Zitterman (P33392)
       Attorneys for Defendants
       One Woodward Ave., Suite. 2400
       Detroit, MI 48226
       (313)965-7905
       john.sier@kitch.com

Dated:  July 18, 2014

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTRACT DESIGN GROUP,
INC., a Michigan corporation, and
ROBERT MURRAY,

      Plaintiffs,

v.

WAYNE STATE UNIVERSITY,
THE WAYNE STATE UNIVERSITY
BOARD OF GOVERNORS; JAMES
R. SEARS, in his individual and
official capacity; JOAN M.
GOSSMAN, in her individual and
official capacity; and JOHN L.
DAVIS, in his individual and official
capacity, jointly and severally,

      Defendants.

Case No.:  2:10-cv-14702

Honorable:  Gershwin A. Drain

Magistrate Judge:
Michael J. Hluchaniuk

---

**BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND EXPENSES UNDER
<u>42 U.S.C. §1988</u>**

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

## <u>TABLE OF CONTENTS</u>

**STATEMENT OF ISSUES PRESENTED** ...................................................................

**STATEMENT OF CONTROLLING AUTHORITY** ...........................................

**STANDARD OF REVIEW** .................................................................. 1

**ARGUMENT**

**I**    **PLAINTIFF CDG MAY NOT BE AWARDED ANY ATTORNEY FEES UNDER 42 U.S.C. §1988, AS THE JURY AWARDED NO DAMAGES ON THE DUE PROCESS CLAIM, AND A NOMINAL DAMAGE AWARD BY THIS COURT POST-JUDGMENT WOULD NOT PERMIT AN AWARD OF FEES UNDER BINDING PRECEDENT** .................................................. 1

**II**   **CDG IS NOT ENTITLED TO ATTORNEY FEES ON THE STATE LAW DEFAMATION, CONTRACT AND ACCOUNT STATED CLAIMS** ........................................................ 3

**III**  **SPECIAL CIRCUMSTANCES EXIST AS WARRANT THE DENIAL OF ATTORNEY FEES TO ROBERT MURRAY, GIVEN THE JURY'S FINDING THAT WSU CORRECTLY DETERMINED THAT MR. MURRAY ENGAGED IN FRAUDULENT MISCONDUCT THAT JUSTIFIED DEBARMENT, AND THE PATENTLY EXCESSIVE FEES DEMANDED** ........................................................ 4

**IV**   **ALTERNATIVELY, AT A MINIMUM, MR. MURRAY MAY ONLY RECOVER A REASONABLE ATTORNEY FEE FOR SERVICES THAT HE DEMONSTRATES WERE RELATED TO LITIGATION OF HIS CLAIM--THE SUFFICIENCY OF THE PRE-DEBARMENT PROCEDURE; MURRAY MAY NOT RECOVER ATTORNEY FEES OR EXPENSES FOR SERVICES RELATED TO THE PROPRIETY OF DEBARMENT, OR CO-PLAINTIFF CDG'S ECONOMIC DAMAGES CLAIMS** ....................................................... 6

          **A.    Legal Standard** ................................................. 6

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

i

**B.**     **MURRAY MAY NOT RECOVER FEES FOR ATTORNEYS' HOURS DEVOTED TO LITIGATION OF CO-PLAINTIFF CDG'S CLAIMS FOR DAMAGES RELATED TO THE MERITS OF THE DEBARMENT, THE LUMP SUM CONTRACTS, OR DEFAMATION........... 7**

**C.**     **IN DETERMINING HOURS COMPONENT OF THE LODESTAR, THE HOURS CLAIMED BY PLAINTIFF IN EXHIBIT 4 ARE PATENTLY EXCESSIVE, AND ASSESSABLE FEES MUST BE LIMITED TO THOSE SHOWN BY ADEQUATE DESCRIPTION TO BE REASONABLE AND /RELATED TO THE PROSECUTION OF MURRAY'S CLAIM OF DEFICIENT PRE-DEBARMENT PROCEDURE................... 12**

**D.**     **ONCE THE COURT DETERMINES THE "LODESTAR,"--THE PROVEN NUMBER OF HOURS REASONABLY EXPENDED ON MURRAY'S PRE-DEBARMENT PROCEDURE CLAIM BY PLAINTIFF'S COUNSEL, MULTIPLIED BY THE REASONABLE HOURLY RATE--THE COURT SHOULD ADJUST THE AMOUNT DOWN BASED ON RELEVANT CONSIDERATIONS ................................................... 14**

**V.**     **ALTERNATIVELY, IF MR. MURRAY IS PERMITTED TO RECOVER FEES FOR SERVICES RELATED TO CO-PLAINTIFF CDG'S CLAIMS, THE FEES FOR THOSE SERVICES IN PLAINTIFFS' EXHIBIT 4 ARE PATENTLY EXCESSIVE AND UNREASONABLE ............................................... 16**

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

## <u>STATEMENT OF ISSUES PRESENTED</u>

### I

**WHETHER PLAINTIFF CDG MAY NOT BE AWARDED ANY ATTORNEY FEES UNDER 42 U.S.C. §1988, AS THE JURY AWARDED NO DAMAGES ON THE DUE PROCESS CLAIM, AND A NOMINAL DAMAGE AWARD BY THIS COURT POST-JUDGMENT WOULD NOT PERMIT AN AWARD OF FEES UNDER BINDING PRECEDENT?**

### II

**WHETHER CDG IS NOT ENTITLED TO ATTORNEY FEES ON THE STATE LAW DEFAMATION, CONTRACT AND ACCOUNT STATED CLAIMS?**

### III

**WHETHER SPECIAL CIRCUMSTANCES EXIST AS WARRANT THE DENIAL OF ATTORNEY FEES TO ROBERT MURRAY, GIVEN THE JURY'S FINDING THAT WSU CORRECTLY DETERMINED THAT MR. MURRAY ENGAGED IN FRAUDULENT MISCONDUCT THAT JUSTIFIED DEBARMENT, AND THE PATENTLY EXCESSIVE FEES DEMANDED?**

### IV

**WHETHER ALTERNATIVELY, AT A MINIMUM, MR. MURRAY MAY ONLY RECOVER A REASONABLE ATTORNEY FEE FOR SERVICES THAT HE DEMONSTRATES WERE RELATED TO LITIGATION OF HIS CLAIM--THE SUFFICIENCY OF THE PRE-DEBARMENT PROCEDURE; MURRAY MAY NOT RECOVER ATTORNEY FEES OR EXPENSES FOR SERVICES RELATED TO THE PROPRIETY OF DEBARMENT, OR CO-PLAINTIFF CDG'S ECONOMIC DAMAGES CLAIMS?**

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

**V**

**WHETHER ALTERNATIVELY, IF MR. MURRAY IS PERMITTED TO RECOVER FEES FOR SERVICES RELATED TO CO-PLAINTIFF CDG'S CLAIMS, THE FEES FOR THOSE SERVICES IN PLAINTIFFS' EXHIBIT 4 ARE PATENTLY EXCESSIVE AND UNREASONABLE?**

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

## <u>STATEMENT OF CONTROLLING AUTHORITY</u>

**Cases**

*Hensley v. Eckerhart*
461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ...........................................1

*Farrar v. Hobby*
  506 U.S. 103, S. Ct. 566, 121 L. Ed. 2d 494 (1992)...........................................2

42 U.S.C. §1988

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

## **ARGUMENT**

42 U.S.C. §1988(b) provides that, "[i]n any action or proceeding to enforce a provision of . . . §1983, . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." Both plaintiffs, in their motion and exhibits, "lump" together, and seek their attorney fees and expenses related to, <u>all</u> work performed on their behalf both pre-suit and at trial, with respect to all state claims and the due process claims, without regard to whether they prevailed on those claims. The vast majority, if not all, of the fees sought are not recoverable, under established legal principles.

**I      Plaintiff CDG May Not Be Awarded Any Attorney Fees Under 42 U.S.C. §1988, As The Jury Awarded No Damages On The Due Process Claim, And A Nominal Damage Award By This Court Post-Judgment Would Not Permit An Award Of Fees Under Binding Precedent.**

Plaintiffs' demand for attorney fees for CDG, under 42 U.S.C. §1988, is without merit, and must be rejected in its entirety. Where CDG sought damages in excess of $3.6 million, but failed to prove any damages and was awarded nothing by the jury, attorney fees may not be awarded.

Generally speaking, the decision whether to grant an attorney's fee pursuant to 42 U.S.C. §1988(b), and if so in what amount, is left to the district court's sound discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

1

However, although not acknowledged by plaintiff CDG, "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992).

Here CDG sought due process damages of $3,627,372 (Closing argument at Tr. 4/21/14, p. 57), but was awarded nothing by the jury. Even though this Court awarded CDG $1.00 in damages, based upon CDG's post-trial motion, its stunning lack of success must bar it from recovering any attorney fees.

In *Farrar*, the Supreme Court reiterated that "the most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." *Id*. (citing *Hensley, supra*, 461 U.S. at 436). On that basis, the Court held that, while a civil rights plaintiff who sought $17 million in compensatory damages but only recovered nominal damages of $1.00 had technically "prevailed" for purposes of § 1988, the appropriate fee under those circumstances was "no fee at all."

The Sixth Circuit has held that the district court abuses its discretion in awarding attorney's fees where only nominal damages were awarded. See *Pouillon v. Little*, 326 F.3d 713, 717 (6th Cir. 2003) ("[Plaintiff] has not demonstrated that his case is distinguishable from the 'usual' case where a prevailing civil rights plaintiff is not entitled to attorney's fees when all that he has won is a technical vindication of rights in the form of nominal damages."; *Johnson v. City of Aiken*,

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

2

278 F.3d 333, 338 (4th Cir. 2002) (holding that a district court abused its discretion in awarding attorney's fees under § 1988 to a civil rights plaintiff who won only nominal damages)).

There is no basis here for departing from this precedent.  CDG sought millions in damages, but was awarded nothing.  As such, there should be no recovery of any attorney fees or expenses incurred in relation to pursuit of CDG's economic damages claim.

## II      CDG Is Not Entitled To Attorney Fees On The State Law Defamation, Contract And Account Stated Claims.

CDG seeks attorney fees for the failed defamation claim, and the so-called lump sum contracts claim.  (See brief, p. 10, plaintiff's exhibit 4, e.g., 4/5/10 entry for "research regarding lump sum contracts…")

Attorney fees are not recoverable with respect to these state law claims, regardless of whether CDG prevailed, under the American Rule, absent specific statute or contract providing therefor.  See *Aleyska Pipeline Serv. Co. v Wilderness Society*, 421 U.S. 240, 241 (1975).

Plaintiff's argument that attorney's fees for these claims are recoverable because all claims "involved a common core of facts" is without merit.  CDG is not entitled to attorney fees under 42 U.S.C. 1988 because it received no damages from the jury, and only nominal damages of $1.00 from this Court based on its post judgment motion.  Therefore, it could not be entitled under section 1988 to

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

3

attorneys fees on state claims, or on the due process claim upon which it did not

prevail (related to the lump sum contracts, or the impact of the debarment itself).

Even if CDG were entitled to attorney fees on the procedural due process

claim on which it was a technical but not substantive prevailing party, it would not

thereby be entitled to fees for the remaining contract and wrongful

debarment/defamation claims, that were  distinct claims based on different facts

and legal theories.  See *Imwalle v. Reliance Med. Prods*., 515 F.3d 531, 552 (6th

Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L.

Ed. 2d 40 (1983)), and discussion in Argument IV below regarding Murray.

**III    Special Circumstances Exist As Warrant The Denial Of Attorney Fees To Robert Murray, Given The Jury's Finding That WSU Correctly Determined That Mr. Murray Engaged In Fraudulent Misconduct That Justified Debarment, And The Patently Excessive Fees Demanded.**

A "prevailing party," "should ordinarily recover an attorney's fee unless

special circumstances would render such an award unjust." *Lefemine v. Wideman*,

133 S. Ct. 9, 11 (U.S. 2012) quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103

S. Ct. 1933, 76 L. Ed. 2d 40 (1983).  Thus, even a prevailing party may not be

entitled to attorneys' fees if "special circumstances would render such an award

unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429, 76 L. Ed. 2d 40, 103 S. Ct. 1933

(1983)).

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

As little guidance has been provided by the Supreme Court as to precisely what constitutes a special circumstance that would defeat a fee award, the Sixth Circuit has opted for a case-by-case approach rather than adopting a "predetermined formula." *Wikol v. Birmingham Pub. Schs. Bd. of Educ*., 360 F.3d 604, 611 (6th Cir. 2004).  In that case-by-case inquiry, the burden is on the non-prevailing party to make a strong showing that "special circumstances warrant a denial of fees." M*orscott, Inc. v. City of Cleveland*, 936 F.2d 271, 273 (6th Cir. 1991)(citation omitted)).

Such a strong showing can and was made here by defendants' proofs at trial, by which the jury was persuaded that WSU rightfully debarred plaintiffs for the fraudulent misconduct engaged in by Mr. Murray.   Such wrongful conduct that is so deeply intertwined with the defendants' liability for a mere procedural defect is, defendants submit, such a special circumstance.  Contrast, *Price v. Pelka*, 690 F.2d 98, 101 (6th Cir. Ohio 1982) (Holding that there were no special circumstances where the plaintiff committed perjury but "the Pelkas' liability for violating the Fair Housing Act and 42 U.S.C. §§ 1981 and 1982 was not affected in any way by Ms. Price's perjury.")  Here, defendants' liability for the pre-debarment procedural due process violation was substantially contributed to by Mr. Murray's fraudulent conduct.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

Moreover, even assuming that the jury's award of noneconomic damages to Robert Murray in the amount of $100,000 on his due process claim is upheld, his failure to limit his request for fees to those related to his claim, and request for attorney fees of nearly 8 times that amount, $797,940.55, should be rejected. This is a case in which the Court should hold no fees should be awarded.

**IV     Alternatively, At A Minimum, Mr. Murray May Only Recover A Reasonable Attorney Fee For Services That He Demonstrates Were Related To Litigation Of His Claim--The Sufficiency Of The Pre-Debarment Procedure; Murray May Not Recover Attorney Fees Or Expenses For Services Related To The Propriety Of Debarment, Or Co-Plaintiff CDG's Economic Damages Claims.**

The jury by its verdict awarding no economic damages and finding no defamation, determined that the debarment was proper and justified by plaintiffs' misconduct. Thus, the damages awarded to and recoverable by Mr. Murray necessarily were related solely to his emotional distress caused by deficiencies in pre-debarment procedure; Murray could not recover damages related to the debarment itself, as the jury found no deprivation. *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1352 (6th Cir. Ohio 1992). Thus, even assuming Mr. Murray is entitled to any fees, he should be awarded a reasonable attorney fee related only to tasks regarding litigation of the sufficiency of pre-debarment procedure, which was a very minor part of this trial, and proof of his emotional distress related to the pre-debarment procedure.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

**A.    Legal Standard**.

"In an attorneys' fee case, the primary concern is that the fee awarded be 'reasonable.'"  *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007)  The award should be adequately compensatory to attract competent counsel but should also avoid producing a windfall for attorneys.  *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).  "The trial court's initial point of departure, when calculating a 'reasonable' attorney fee, should be the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate."  *Id*.  The court may then adjust the "lodestar" based on relevant circumstances peculiar to the case.  *Id*.

In addition, "[t]he party seeking attorney's fees bears the burden of documenting his entitlement to the award."  *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999).  That party should submit evidence to support the number of hours worked and the rates claimed.  *Id*.  (citing *Hensley*, 461 U.S. at 433).  Where documentation is insufficient to support the amount of fees requested, the district court may reduce the award accordingly.  *Reed*, 179 F.3d at 472.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

7

**B.    Murray May Not Recover Fees For Attorneys' Hours Devoted To Litigation Of Co-Plaintiff CDG's Claims For Damages Related To The Merits Of The Debarment, The Lump Sum Contracts, Or Defamation.**

The vast majority of the attorney fees sought here in the exhibits to plaintiffs' motion relate to co-plaintiff CDG's claims for economic damages related to its failed due process and defamation claims concerning the propriety of the debarment, the post-debarment economic damages and the lump sum contract claim.  These claims, proofs, and economic damages, however, were completely unrelated to the pre-debarment <u>process</u> upon which Mr. Murray's emotional distress claim was based.  As these claims were by a different plaintiff, and do not share a common core of facts, but are entirely severable from Mr. Murray's partially successful, but much more limited claim for noneconomic loss related to pre-debarment procedure, Mr. Murray is not entitled to any fees for tasks related to CDG's claims.

Plaintiff improperly relies upon (and misinterprets) principles for determining whether a single plaintiff may recover fees for both successful and unsuccessful claims, in arguing that "all of Plaintiffs' claims were related and involved a common core of facts" such that they "are entitled to recover fees relating to all claims including the procedural-due-process, breach-of-contract, account-stated, tortious interference, equal protection, and the substantive-due-process claims" (Brief, p. 10).  None of the decisions cited by plaintiff address the

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

issue here--whether one plaintiff may obtain attorney fees for services related to litigation of another plaintiff's claims for entirely distinct damages.  See e.g., *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County*, 421 F.3d 417, 423 (6th Cir. 2005) (When claims by a single plaintiff "are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced.")

Moreover, to the extent that principles in single plaintiff cases could be instructive, they compel the conclusion that Murray may not recover attorney fees related to CDG's state or federal claims and economic damages claims.

Work on an unsuccessful claim is not work "expended in pursuit of the ultimate result achieved" where plaintiff has presented distinct claims based on different facts and legal theories.  *Imwalle v. Reliance Med. Prods*., 515 F.3d 531, 552 (6th Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).  See *Fox v. Vice*,    U.S.    , 131 S. Ct. 2205, 2214, 180 L. Ed. 2d 45 (2011) ("The fee award, of course, should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief: Such work cannot be deemed to have been expended in pursuit of the ultimate result achieved.") (quotation and internal quotation marks omitted).  On the other hand, when claims by a single plaintiff "are based on a common core of facts or are

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

based on related legal theories, for the purpose of calculating attorneys fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." *Imwalle v. Reliance Med. Prods., Inc*., 515 F.3d 531, 554 (6th Cir. 2008).

When a fee request is based, in part, on unsuccessful and distinct claims, by a single plaintiff, the district court must reduce the fee award so that it is commensurate with "the degree of success obtained." *Hensley*, 461 U.S. at 436. "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id*. at 436-37. The district court has broad discretion to make these determinations. *Id*. at 437.

In *Kelley v. Metropolitan County Bd. of Education*, 773 F.2d 677 (6th Cir. 1985)(en banc), *cert. denied*, 474 U.S. 1083, 106 S. Ct. 853, 88 L. Ed. 2d 893 (1986) an en banc panel of the Sixth Circuit applied *Hensley,* in a context similar to this case. In *Kelley*, the lower court had awarded attorneys' fees to plaintiffs "for time spent [on] unsuccessful charges of contempt against the Board, yet unresolved matters as to faculty composition, and their efforts to keep Pearl High School open." 773 F.2d at 685 n.7. In reviewing the propriety of these awards, the Court in *Kelley* remanded the case to the lower court to "follow the mandate of *Hensley* to determine which claims plaintiffs have succeeded upon and those which they

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

have not, and to calculate the attorneys' compensable hours accordingly[.]" 773 F.2d at 686.  After *Hensley*, the *Kelley* Court directed, "a party's request for attorney's fees [should] be carefully scrutinized as to the extent of success on each claim, and further, that time spent on unsuccessful claims that are distinct from successful claims should be excluded in determining a reasonable fee."  773 F.2d at 685.

In *Lampley v. Cox*, 886 F.2d 1316 (6th Cir. 1989), plaintiff employee filed an action in which he asserted numerous claims arising from his termination from employment, but he prevailed only as to a jury verdict of $20,000 for the failure to afford him a pre-termination due process opportunity for a hearing.  Plaintiff sought $96,000 in attorney fees, and the trial court awarded $14,545.11. Affirming, the Court held that fees were properly disallowed for the claims on which plaintiff did not prevail:

> The district court was also not in error in finding the racial discrimination claims, on which Lampley did not prevail, to be "different claims for relief based on different facts and legal theories" from the section 1983 claim.  See *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  The question whether racial consideration and actions played any substantive part in Lampley's termination is a separate and distinct claim from the due process issue, which was virtually conceded by the defendant because of a failure to afford any meaningful pre-termination hearing.  [*Lampley v. Cox*, 886 F.2d 1316 (6th Cir. 1989)]

Likewise here, the question of whether there was a breach of contract or account stated, whether the debarment was lawful, whether there was defamation

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

11

of CDG, or what damages CDG sustained because of the debarment, were separate

and distinct claims from the pre-debarment procedural due process issue.  See also

*Gates v. ITT Continental Baking Co.*, 581 F. Supp. 204, 211 (N.D. Ohio 1984)

("Accordingly, the Court finds that although the plaintiff ultimately prevailed on

his claims pursuant to 42 U.S.C. § 1983, and § 2000e et seq. the plaintiff should

not be awarded any attorney's fees for the time spent pursuing his claims pursuant

to 42 U.S.C. §§1983, 1985 or his claim for punitive damages.")

> **C.    In Determining Hours Component Of The Lodestar, The Hours Claimed By Plaintiff  In Exhibit 4 Are Patently Excessive, And Assessable Fees Must Be Limited To Those Shown By Adequate Description To Be Reasonable and Related To The Prosecution Of Murray's Claim Of Deficient Pre-debarment Procedure.**

The vast majority of the plethora of time entries by 16 attorneys in exhibit 4

to plaintiffs' motion relate to services for which attorney fees may not be awarded.[1]

In the exercise of "billing judgment," a fee movant is obligated to exclude any

hours that were not reasonably expended on the litigation.  *Hensley v. Eckerhart*,

461 U.S. 424, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983).

> Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  "In the private sector, 'billing judgment' is an important component in fee

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

---

[1] For purposes of this action only, defendants do not dispute the reasonableness of the hourly rate proposed by plaintiff.

setting.  It is no less important here.  Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."  *Copeland v. Marshall*, 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original).  [*Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983).]

Plaintiffs have clearly violated this obligation.

Here the challenged fees sought were not incurred with respect to an unsuccessful claim by the party seeking fees, Murray.  Rather, they were related to a claim by another, different plaintiff, CDG, which, as set forth above, is not entitled to any attorney fees.

Counsel for CDG and Mr. Murray have made no effort to identify any of the fees that bear no relation to the  single claim but leave it to Defendants to scrutinize the billing records.  While the time entries are largely inadequate to accurately assess what activity was performed, there are substantial amounts of time that are easily identifiable as being unrelated to Mr. Murray's due process claim.  At the outset, the time entries contained at Exhibit 4 to Plaintiffs' Motion are exceptionally vague and contain numerous entries listing the activity "attention to," which provides no insight into the actual activity performed.  With such a lack of specificity, there is no way to gauge the utility or reasonableness of the activity or the time spent.  Attachment A to the Declaration of Donald J. Gasiorek [Exhibit 1], lists the various entries located by the Defendants containing that vague description.  Since the Plaintiff bears the burden of proving the necessity and

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

13

reasonableness of the time spent, the entries on Attachment A totaling $97,802.00 should be disregarded.

Further, as noted by Mr. Gasiorek, the entries should reflect contemporaneous time records, but Exhibit 4 raises serious questions about when the time was actually recorded. There are examples throughout the billing records that raise the question. It appears that the program assigns a "Slip ID" to each time entry based on the sequence in which the entry is created. If the time is being recorded contemporaneously, the chronological order should parallel the numerical order of the Slip ID. However, the first three entries on Exhibit 4 reveal the scattered nature of the time entries. The first entry with Slip ID number 57087 is dated 3/31/2010, but the next numerical Slip ID of 57304 is dated 3/9/2010, which is followed by Slip ID 57348 dated March 25, 2010. Similarly, on page 2 of Exhibit 4, Slip ID 57762 is dated 4/22/2010, but the next Slip ID number 57846 is dated 4/5/2010 and followed by Slip ID 57848 that is dated 4/6/2010. The pattern of out of sequence time entries continues throughout the Exhibit 4, which raises serious questions about the reliability of that document to assess any award of fees.

However, to the extent that the Plaintiffs rely on Exhibit 4, there are several categories of time entries that on the face of the entry are not awardable. George Dorset, former Wayne State University employee, was not involved in the due process claim in any way. His involvement solely related to the collection of the

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

outstanding invoices, so none of the time spent meeting with him, deposing him, preparing him for trial testimony, or examining him should be awardable. Attachment B to Mr. Gasiorek's Declaration lists the identifiable entries as totaling $34,969.50 that should not be included.  Likewise, several time entries specifically identified collection activities or unrelated claims that should not be included. Attachment F to Mr. Gasiorek's Declaration tallies specific collection-related time entries totaling $10,519.50.  Further, Joel Quiroz, a former Wayne State University employee, provided to counsel for Plaintiffs a flash drive he claimed to contain documents pertaining to the unpaid invoices that had not been produced by Wayne State University.  The assertion by Mr. Quiroz resulted in the adjournment of the trial from June 2013 and the Plaintiffs filed a Motion for Adverse Inference predicated on the assumption that documents were not produced.  Following additional discovery, including the deposition of Mr. Quiroz, Judge Roberts determined that Wayne State University had produced all of the relevant documents and found that Mr. Quiroz did not testify that any additional documents existed.  The time spent on that pointless discovery following the adjournment is compiled at Attachment C to Mr. Gasiorek's declaration totaling $48,320.50.  That time had no relationship to the due process claim and should be disregarded.

One of the largest portions of fruitless time was the hours spent on the rejected damage calculation.  Attachment D compiles all of the time entries

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

15

relating to research, computing and compiling the damages that were disregarded by the jury.  The identifiable time totals $89,208.50 that should not be considered together with any fees paid to Mr. Funke or any costs incurred relative to his testimony identified on Exhibit 14 to the Plaintiff's Motion.  There is likely additional time that is recorded as some other activity that should likewise be deducted, but the descriptions in the time entries are not sufficiently specific.

There were several subpoenas issued to third party contractors and witnesses as well as depositions taken of several of those third parties that were solely related to the breach of contract claim and bore no relation to the due process claim; significantly, none of those third-parties testified at trial.  Attachment E to Mr. Gasiorek's declaration contains those entries totaling $20,414.50 that should be deducted from any calculation in addition to any associated costs that should likewise be deducted.

Plaintiffs also fail to delete the time spent on the dismissed conspiracy claim reflected on Attachment I totaling $1,861.00, and the unrelated litigation involving Mr. Williams that was in the Small Claims court reflected on Attachment J totaling $1,441.00.  The simple fact that the Plaintiffs included those time entries in the Motion reflects the absence of any good faith review and assessment of their time records.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

Plaintiffs ignore the cost associated with witnesses who did not testify at trial and the lack of involvement in the due process claim by the witnesses who did testify.  Lori Murray did not testify at trial, and she provided no information on the corporate due process claim.  Her first deposition had nothing to do with the due process claim in any way.  Her second deposition was much shorter and was only necessitated by the late disclosure of Mr. Murray's emotional distress claim.  William Murray's testimony was duplicative of Robert Murray's testimony and added no information since he attended the same meetings and read the same letters as Robert Murray.  His deposition testimony was directed toward the collection actions and the breach of contract claim.  Lisa Lazarevich's testimony was only with regard to the billing and record-keeping of Contract Design Group.  She had no involvement in the due process claim and offered no testimony pertinent to that claim.  Based on the descriptions contained in the time records, Attachment H contains the time entries totaling $82,756.50 reflecting time spent with witnesses unrelated to the due process claim.

The Plunkett Cooney invoices Exhibit 8 to the Plaintiffs' Motion, should be disregarded entirely.  Not only are several of the entries redacted [but the fees are not reduced], but no attorney from Plunkett Cooney ever appeared at any hearing nor did any attorney from Plunkett Cooney draft any letters or pleadings that pertained to the due process claim.  Most of the invoices far predate the dispute

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

17

and appear to pertain to general business advice and not pursuit of any due process claim.

Similarly, the time spent by Anthony Vittiglio at the firm of Deneweth, Dugan and Parfitt were for presuit services largely on behalf of the corporate plaintiff who ultimately received no damages, so those invoices should be discounted accordingly. Further, there are charges contained in those invoices for time spent reviewing pleadings in the unrelated Bucalo litigation that should be deducted from the bill in any event.

Plaintiffs' include the Westlaw charges at Exhibit 13, but have declined to produce the actual subscription agreement with Westlaw to indicate the actual payment to Westlaw and the basis for the payment. As reflected on the "invoices," there is a substantial difference between the "Standard Charge" and the "Special Pricing Charge," which raises the question of whether the charges are actually incurred or if they are allocations of a monthly flat fee paid by the law firm as a part of overhead – much like a hard copy library subscription. If the subscription agreement with Westlaw is based on a flat monthly fee, there is no more basis to award that research "expense" as a cost than there would be to award an allocation of a firm's hard copy library subscription expenses. The Plaintiff has failed to satisfy its burden on establishing the reasonable fees and expenses incurred.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

18

**D.    Once The Court Determines The "Lodestar,"--The Proven Number Of Hours Reasonably Expended On Murray's Pre-Debarment Procedure Claim By Plaintiff's Counsel, Multiplied By The Reasonable Hourly Rate--The Court Should Adjust The Amount Down Based On Relevant Considerations.**

In adjusting the "lodestar" to arrive at a reasonable fee award, a district court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases.  See *Adcock-Ladd*, 227 F.3d at 349

Of the factors noted above, both the Supreme Court and the Sixth Circuit have consistently recognized that the "result obtained" is a particularly important consideration in determining the reasonableness of an attorney fee award.  In *Hensley*, the Supreme Court expressly noted that "[i]f . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436.  Acknowledging this, the Sixth Circuit has explained that

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

19

"after determining the basic lodestar, the degree of success obtained is the most important factor in determining the reasonableness of a fee award." *Kentucky Restaurant Concepts, Inc. v. City of Louisville*, 117 Fed. Appx. 415, 2004 WL 2756966 at * 5 (6th Cir. 2004).  See also *Waldo*, 726 F.3d at 823 (citing *Hensley*, stating that "[t]he Supreme Court has instructed that 'the most critical factor governing the reasonableness of a fee award 'is the degree of success obtained'"); *Adcock-Ladd*, 227 F.3d at 349 (noting that "[a] highly important Johnson factor is the result achieved"); *Imwalle v. Reliance Medical Products, Inc*., 515 F.3d 531, 552 (6th Cir. 2008) ("An award based on the total number of hours reasonably expended on the litigation might, however, result in an excessive amount if the claimant has achieved only partial success"); *Farmer v. Ottawa County*, 2000 U.S. App. LEXIS 7224, 2000 WL 420698 at * 7 (6th Cir. April 13, 2000) (in FLSA case, upholding district court's 33% reduction in attorney fee award in light of the "limited nature of Plaintiff's success").

Here, Mr. Murray recovered only half the damages sought--$100,000 rather than $200,000.  In light of this result, the Court should reduce the lodestar amount by at least 50% to account for plaintiff's limited success.  See, e.g., *Allen v. Allied Plaint Maintenance Co*., 881 F.2d 291, 299 (6th Cir. 1989) (affirming lower court's reduction of lodestar amount by 35% to account for plaintiff's limited success where original complaint included ten defendants, five causes of action, and a

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485
(313) 965-7900

request for punitive damages, but plaintiff ultimately recovered against only two

defendants and one cause of action and was not awarded punitive damages);

*Marshall & Swift v. BS & A Software*, 871 F. Supp. 952, 964-65 (W.D. Mich.

1994) (reducing overall fee award by one third to account for limited success

where plaintiff recovered "only approximately one-tenth of the damages"

requested).

**V.    Alternatively, If Mr. Murray Is Permitted To Recover Fees For Services Related To Co-Plaintiff CDG's Claims, The Fees For Those Services In Plaintiffs' Exhibit 4 Are Patently Excessive And Unreasonable.**

As set forth above, Mr. Murray should not be permitted to recover fees for

services related to another plaintiff's claims.  Should the Court determine such fees

may be awarded, however, defendants submit that the Court should decline to

award most of the fees set forth in plaintiffs' exhibit 4 as they are patently

excessive, unreasonable and/or unnecessary.

There are several examples throughout the court file of motions that were

necessitated by the Plaintiff's refusal or unwillingness to engage in discovery –

including the initial deposition of Robert Murray.  Likewise, Plaintiffs spent

pointless hours trying to depose Linda Galante, Associate General Counsel of

Wayne State University, and Plaintiffs wasted several hours of their time (as well

as that of the Defendants) on settlement conferences and discussion that were

predicated on the meritless damage calculation.  Attachment G gives only a small

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

slice of the hours spent on matters not pertaining to the due process claim, and the

attachment totals $23,033.

Below is a summary of the attachments:

| Title | Total Slip Value |
|---|---|
| Attachment A- "attention to" time entries | $97,802.00 |
| Attachment B- Dorset  time on collection | $34,969.50 |
| Attachment C- Quiroz delay- unrelated to debarment | $48,320.50 |
| Attachment D- Damage calculation time | $89,208.50 |
| Attachment E- Third Party Subpoenas- unrelated to debarment | $20,414.50 |
| Attachment F- Unrelated collection activities | $10,519.50 |
| Attachment G- Wasted time | $23,033.00 |
| Attachment H- Unrelated depositions | $82,756.50 |
| Attachment I-  Unrelated claims | $1,861.00 |
| Attachment J- Unrelated litigation | $1,441.00 |

WHEREFORE defendants Wayne State University, The Wayne State

University Board of Governors, James R. Sears, Joan M. Gossman, and John L.

Davis respectfully request that this Honorable Court deny in full or in part

plaintiff's motion for attorney fees and expenses under U.S.C. §1988.

KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK

By:     /s/ John M. Sier_____
        John M. Sier (P39336)
        Joe Wloszek (P70954)
        Susan Healy Zitterman (P33392)
        Attorneys for Defendants
        One Woodward Ave., Suite. 2400
        Detroit, MI 48226
        (313)965-7905
        john.sier@kitch.com

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

Dated: July 18, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTRACT DESIGN GROUP,
INC., a Michigan corporation, and
ROBERT MURRAY,

      Plaintiffs,

v.

WAYNE STATE UNIVERSITY,
THE WAYNE STATE
UNIVERSITY BOARD OF
GOVERNORS; JAMES R. SEARS,
in his individual and official capacity;
JOAN M. GOSSMAN, in her
individual and official capacity; and
JOHN L. DAVIS, in his individual
and official capacity, jointly and
severally,

      Defendants.

Case No.:  2:10-cv-14702

Honorable:  Gershwin A. Drain

Magistrate Judge:
Michael J. Hluchaniuk

## DECLARATION OF SERVICE

      I certify that on July 18, 2014, the foregoing paper was presented and uploaded to the United States District Court ECF System which will send notification of such filing to the attorneys of record listed herein and I hereby certify that a copy of this same document(s) was mailed by US Postal Service to any involved non-ECF participant.

                /s/ John M. Sier_____
                Attorney for Defendants

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

23