UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONTRACT DESIGN GROUP, INC., a Michigan corporation, and ROBERT MURRAY,<br><br>    Plaintiffs,<br><br>v.<br><br>WAYNE STATE UNIVERSITY, THE WAYNE STATE UNIVERSITY BOARD OF GOVERNORS; JAMES R. SEARS, in his individual and official capacity; JOAN M. GOSSMAN, in her individual and official capacity; and JOHN L. DAVIS, in his individual and official capacity, jointly and severally,<br><br>    Defendants._____/ | Case No.: 2:10-cv-14702<br><br>Honorable: Gershwin A. Drain<br><br>Magistrate Judge: Michael J. Hluchaniuk |

**ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL OR REMITTITUR [#217] AND DENYING DEFENDANTS' MOTION FOR JUDGMENT OR PARTIAL JUDGMENT AS A MATTER OF LAW [#218]**

### I. Introduction

Plaintiffs Contract Design Group, Inc. ("CDG") and Robert Murray ("Murray") filed a Complaint against Defendants Wayne State University and The Wayne State University Board of Governors ("Wayne"). Plaintiffs also named three Wayne employees as Defendants: James R. Sears ("Sears"), Joan M. Gossman ("Gossman") and John L. Davis ("Davis"). This case went to trial, and on April 24, 2014, a jury returned a verdict for Plaintiffs on their counts of violation of procedural due process, account stated, and breach of contract. *See* Dkt. # 202. Presently before

the Court are Defendants' Motion for a New Trial or Remittitur pursuant to Rule 59(a) of the Federal Rules of Civil Procedure and Motion for a Full or Partial Judgment as a Matter of Law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. The parties have briefed the Motions and the Court heard oral argument on the Motions on August 4, 2014. For the reasons that follow, the Court should DENY the Defendants' Motions.

## II. Factual Background

On April 22, 2014, the jury returned a verdict for CDG and Murray on their procedural due process claims, but did not award damages to CDG on the procedural due process claim. The jury found CDG could not establish actual damages, but the Court Awarded CDG nominal damages of $1. *See* Dkt. #248. The jury found that the Defendants violated Murray's procedural due process rights and awarded him $100,000. The jury found CDG established an account stated, and awarded CDG $200,000 for this claim. Last, the jury found Wayne in breach of contract, and the jury awarded CDG $250,000 for the breach of contract claim.

## III. Analysis

### A. Standard of Review

District court judges have broad discretion when ruling on Rule 59 motions. *In re Saffady*, 524 F.3d 799, 808 (6th Cir. 2008). When reviewing a motion under Rule 59(a) for a new trial, the court reviews the jury's verdict for an erroneous result. *Holmes v. City of Massillon, Ohio*, 78, F.3d 1041, 1045-46 (6th Cir. 1996). An erroneous result is present when the jury's verdict is against the weight of the evidence, the damages are excessive, or the trial was unfair to the movant. *Id*. at 1046. The trial court must review the evidence in a light most favorable to the prevailing party when deciding whether the award is the result of passion,

prejudice, or the evidence does not support it. *Mid-Michigan Computer Sys., Inc v. Marc Glassman, Inc.*, 416 F.3d 505, 509 (6th Cir. 2005); *see also Gregory v. Shelby Cnty.*, 220 F.3d 433,443 (6th Cir. 2000). When some credible, competent evidence supports a verdict, the district court can properly deny the motion. *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996) (stating the appellate court reviews a denial of a motion for new trial for abuse of discretion).

The court may grant a judgment as a matter of law if it finds there is no "legally sufficient basis" to find for the non-movant on an issue. Fed. R. Civ. P. 50(a)(1). If there is only one "reasonable conclusion as to the verdict," or the evidence at trial fails to create a genuine resolution for fact for the jury, the court may grant a Rule 50(b) motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986). The court, however, may not weigh evidence or determine whether evidence is credible. *Jackson v. Quanex Corp.*, 191 F.3d 647, 657 (6th Cir. 1999). After viewing the evidence in a light most favorable to the non-movant, if a reasonable trier of fact can only come to one conclusion, the court should grant the motion. *Jordan v. City of Cleveland*, 464 F.3d 584, 594 (6th Cir. 2006).

### B. Defendants' Motions

#### 1. Defendants' Motion for a New Trial or Remittitur

Defendants argue that the jury's verdict was punitive and the result of prejudice, and exceeds the specific amount pled. The jury awarded CDG $450,000 for the account stated and breach of contract claims, but CDG pled damages of $143,837.19 on the account stated claim only. Defendants argue the jury's award to Murray for emotional damages was excessive as well because it was against the weight of evidence.

Defendants argue that the state of Michigan's standard for a new trial remittitur should apply. If this case was before this Court on diversity, that would be correct. This case, however, is before this Court because it involves a constitutional issue, whether Plaintiffs were deprived of due process. Therefore, the factors and standard discussed above apply.

A Rule 59 motion requires the Court weigh the evidence against the verdict. The parties presented evidence of damages. CDG offered the expert testimony of their accountant regarding the value the general contract to CDG's business. He stated the contract at issue in the breach claim was worth up to $25,910 per month, and the contract was terminated twenty-four months before its expiration date. CDG's expert testified that this contract could have produced over $624,000 in gross profits for CDG. In response to that testimony, Wayne's expert offered testimony that called into question CDG's expert's calculation on the contract, particularly his conclusion on gross rather than net profit. Wayne's expert offered a thorough explanation of why CDG's expert produced calculations that were inaccurate and overvalued the contract. The jury weighed the evidence of both parties on this issue, and concluded that CDG suffered a loss of $250,000 on this count. Credible evidence supports this claim and the Court DENIES the Defendants' Motion for a New Trial or Remittitur on the breach of contract claim.

The jury returned a verdict for Plaintiffs on their account stated claim. Plaintiffs alleged they performed work for Defendants outside of blanket contracts on a lump sum basis totaling $143,837.19. *See* Dkt. #126 at 16-17. The jury awarded CDG $200,000 on this claim. *See* Skt. #202. Defendants argue this claim is duplicative of the breach of contract claim. This argument is unavailing for the same reasons it was unavailing when Defendants made it in their summary judgment motion. Factual issues existed as to which agreement covered this work. *See* Dkt. # 126 at 17. The jury weighed evidence of this dispute, and concluded that work on the account

4

stated claim was done outside the blanket contracts. An account stated claim is a claim to enforce a contract. *Fisher Sand & Gravel Co. v. Neal A. Newbie, Inc.*, 494 545, 558, 837 N.W2d 244 (2013). The claim "supersed[es] and merg[es] antecedent causes of action represented by the particular items included in the computation. *Id*. at 558 (citing 13 Corbin, Contracts (rev.ed.) § 72.4, pp. 466-67). When the jury found that Plaintiffs had established an account stated, the claim became an action to enforce a separate contractual obligation from the blanket contracts.

Plaintiffs argue that consequential damages are allowable for the breach of contract, which evolved from the account stated claim. That assertion is correct if certain conditions apply. *See Lawrence v. Will Darrah & Assoc., Inc.*, 445 Mich. 1, 11-12, 516 NW2d 43 (1994). Consequential damages are appropriate when injuries that result from the breach are foreseeable and a consequence of the breach. *McNeal v. Tuori*, 107 Mich. App. 141, 150, 309 N.W2d. 588 (Mich. Ct. App. 1981). Plaintiffs offered testimony that the lack of payment on the account stated had a negative effect on cash flow and caused CDG to fail to pay outstanding obligations. In a commercial context, it is foreseeable that a failure to pay invoices for which work was completed will lead to series of financial hardships for the party who has completed the work. The award is not excessive, and evidence in the record supports the jury's decision. Therefore, the Court DENIES the Defendants' Motion for New Trial or Remittitur on the account stated claim.

The jury awarded Murray $100,000 in emotional damages on his denial of procedural due process claim. Plaintiffs can recover emotional damages on a procedural due process claim. *Carey v. Piphus*, 435 U.S. 247, 263 (1978). If the plaintiff can demonstrate to the trier of fact that the denial of due process caused emotional distress, then emotional damages are

recoverable. *Id*. In order to determine whether Defendants violated Murray's due process rights the jury was instructed to determine if Wayne's debarment policy was correctly followed rather than the more demanding constitutional standard. The jury found Wayne had not followed its own policy and violated Murray's and CDG's procedural due process rights. *See* Dkt. # 202. Murray then testified that the denial of procedural due process rights caused his business to suffer, which caused personal and business relationships to deteriorate. Murray sought professional counseling to deal with the emotional consequences of his denial of due process. Taking all of this evidence into account, the jury reasonably awarded Murray $100,000. Therefore, the Court DENIES the Defendants' Motion for New Trial or Remittitur on emotional damages.

### 2. Defendants' Motion for a Full or Partial Judgment as a Matter of Law

The Defendants argue that after viewing the evidence presented at trial, the only conclusion a reasonable trier of fact can come to is that no violation of procedural due process or breach of contract occurred. Defendants move for a partial or full judgment as a matter of law arguing that the account stated and breach of contract claims should merge into one claim and the award should be $143,873.19. Defendants also argue that there was no deprivation of a property or liberty interest or procedural due process violation. Last, the Defendants argue they are entitled to a judgment as a matter of law on the account stated and breach of contract claims because Plaintiffs failed to comply with conditions precedent in the contracts, and the Court erred by failing to include a jury instruction on this issue.

For the reasons addressed in the above analysis of the Rule 59 motion, the Courts finds that the jury was given sufficient evidence to determine whether CDG had performed work outside of the blanket contracts on a lump-sum basis. The finding of an account stated created a

breach independent of the blanket contracts. The jury also herd competing testimony on the value of the blanket contract to CDG. The jury had credible evidence on the value of two separate claims. When viewed in a light most favorable to the Plaintiffs, the jury could have reached more than one conclusion on those two claims. Therefore, the Court DENIES the Defendants' Rule 50 Motion for the account stated and breach of contract claims.

Defendants vigorously argue that the Plaintiffs waived any interests in their contracts because of the way their counsel characterized them at trial and Plaintiffs' alleged fraudulent behavior. This is not the proper way to waive a constitutionally protected interest. *See Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) (stating one must "intentional[ly] abandon a known right or privilege). The parties stipulated that Wayne awarded CDG the blanket contract. *See* Dkt. #172. By stipulating CDG had this publically bid contract, the parties acknowledged CDG had a constitutionally protected right. *See Expert Masonry, Inc. v. Boone Cnty., Ky.*, 440 F.3d 336, 348 (6th Cir. 2006). There is no evidence that CDG waived this right. When Wayne debarred Plaintiffs, it owned them due process. The jury weighed the evidence of both parties' conduct regarding the contracts, and concluded that Wayne, by not following its own policy, failed to provide Plaintiffs with process due to them under the Constitution.

Defendants argue compliance with the State of Michigan's Prevailing Wage Act was a condition precedent to payment. This required CDG to submit certified payrolls. However, CDG did not have employees working at Wane. The parties presented evidence regarding CDG's compliance with the statute. Any failure to give an instruction was harmless. The jury could have concluded CDG violated the act and Wayne was not in breach of contract. When viewed in a light most favorable to Plaintiffs, the jury could have concluded that Wayne's correspondence with Plaintiffs before its meeting and its meeting with Plaintiffs was sufficient

and Wayne's evidence regarding the Prevailing Wage Act justified non-payment. Wayne's witnesses testified that it did not follow its own policy, and CDG offered into evidence a letter from the state of Michigan concluding that the Prevailing Wage Act did not apply its work at Wayne. The great weight of the evidence supports the jury's findings. Both sides vigorously litigated this case and submitted a copious amount of evidence to the jury. The Court cannot conclude that the jury could have reached only one conclusion given these facts. Therefore, the Court DENIES the Defendants' Rule 50 Motion as to the Plaintiffs' procedural due process claim.

## IV. Conclusion

For the above mentioned reasons, Defendants' Motion for a New trial or Remittitur [#217] is DENIED and Defendants' Motion for a Partial or Full Judgment as a Matter of Law [#218] is DENIED.

**IT IS SO ORDERED.**

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Judge

Dated: August 7, 2014