UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTRACT DESIGN GROUP, INC., a Michigan corporation, and ROBERT MURRAY,

 Plaintiffs,

v.

WAYNE STATE UNIVERSITY, THE WAYNE STATE UNIVERSITY BOARD OF GOVERNORS; JAMES R. SEARS, in his individual and official capacity; JOAN M. GOSSMAN, in her individual and official capacity; and JOHN L. DAVIS, in his individual and official capacity, jointly and severally,

 Defendants. /

Case No.: 2:10-cv-14702

Honorable: Gershwin A. Drain

Magistrate Judge: Michael J. Hluchaniuk

**ORDER DENYING PLAINTIFFS' MOTION FOR COSTS AND REVIEW OF THE CLERK'S TAXATION OF COSTS [#223]**

**I. Introduction**

Plaintiffs Contract Design Group, Inc. ("CDG") and Robert Murray ("Murray") filed a Complaint against Defendants Wayne State University and The Wayne State University Board of Governors ("Wayne"). Plaintiffs also named three Wayne employees as Defendants: James R. Sears ("Sears"), Joan M. Gossman ("Gossman") and John L. Davis ("Davis"). This case went to trial, and on April 24, 2014, a jury returned a verdict for Plaintiffs on their counts of violation of

procedural due process, account stated, and breach of contract. *See* Dkt. # 202. Presently before the Court is Plaintiffs' Motion for Taxation of Costs and Review of the Clerk's Taxation of Costs. Oral argument will not assist the Court in resolving this issue. Therefore, oral argument on this Motion scheduled for August 11, 2014 is cancelled pursuant to Local Rule 7.1(f). For the reasons that follow, the Court DENIES the Plaintiff's Motion for Taxation of Costs.

## II. Factual Background

On April 22, 2014, the jury returned a verdict for CDG and Murray on their procedural due process claims, but did not award damages to CDG on the procedural due process claim. The jury found CDG could not establish actual damages, but the Court Awarded CDG nominal damages of $1. See Dkt. #248. The jury found that the Defendants violated Murray's procedural due process rights and awarded him $100,000. The jury found CDG established an account stated, and awarded CDG $200,000 for this claim. Last, the jury found Wayne in breach of contract, and the jury awarded CDG $250,000 for the breach of contract claim. On May 13, 2014, Plaintiffs submitted a Bill of Costs. *See* Dkt. #214. This Court provides prevailing parties with a form that directs them to submit itemization and documentation for their requested costs. Plaintiffs submitted invoices only. The clerk denied $145.00 in service fees, $18,532.23 in court reporter fees, $2,928.83 in printing fees, and $483.78 in witness fees for lack of sufficient documentation.

## III. Law and Analysis

### A. Standard of Review

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, the clerk of the court taxes costs as provided in the Bill of Costs Handbook. *See* Fed. R. Civ. P. 54(d)(1); E.D. Mich.

L.R. 54.1. Costs are limited to the reimbursable costs listed in the 28 U.S.C. § 1920.[1] There is a "strong presumption" in favor of awarding costs to the prevailing party, and Rule 54(d)(1) contemplates the award. The court can review the clerk's action upon motion by a party. *Reardon v. Forest Pharm., Inc.*, 3:11-CV-274, 2013 WL 3322245, at * 1 (S.D. Ohio July 1, 2013); *see Reger v. The Nemours Found.*, 599 F.3d 285, 288 (3rd Cir.2010); *see also In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3rd Cir.2000).

The court's review of the determination of costs is *de novo*. *Reardon*, 2013 WL 3322245, at * 1. When reviewing the clerk's taxing of costs, the court may consider factors such as the prevailing party's unclean hands, bad faith, delay tactics, failure to comply with process in the litigation. *In re Paoli*, 221 F.3d at 462-63. The court can also consider the losing party's inability to pay. *Id*.

### B. Plaintiffs Motion

The first cost Plaintiffs seek to tax is service fees. This is a taxable cost. *See* § 1920(1). The district court has the discretion to tax private server fees "to the extent the private[ ] fees do not exceed the United States Marshals' fees." *Arrambide v. Wal-Mart Stores, Inc.*, 33 F.App'x 199, 203 (6th Cir. 2002). These fees are for service of trial subpoenas for witnesses who have testified at trial and for deposition subpoenas in which the deposition's transcript was a taxable cost. *See* E.D. Mich. Bill of Costs Handbook, § II B.1(b-c). Plaintiffs submitted an invoice requesting taxation of $185.00 in service fees. The clerk, however, only taxed $40.00 because it

---

[1] (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

could not "determine what was served as to the invoices[.]" *See* Taxed Bill of Costs, Dkt. #216. The Plaintiffs' invoices lacked the specifics required by the Court's Bill of Costs Handbook. Plaintiffs seek the remaining $105.00. This fee was for service on Ray Williams for a deposition. Plaintiffs argue this is taxable because it was service for a deposition of which the transcript was taxed as a cost. *See* E.D. Mich. Bill of Costs Handbook, § II B.1(c). Plaintiffs argue the deposition was necessary for the case. *See Hygiene Prods. Aktiebolag v. First Quality Baby Prods.*, LLC, No. 1:10 CV—00122, 2013 WL 5934141, at *2 (W.D. Ky. Nov. 5, 2013). The Court agrees with the clerk. The plaintiff's invoice lacks specificity required by its Bill of Costs Handbook. Thus, the Court will not tax the remaining $105.00 for service fees.

Second, the Plaintiffs move for taxation of court reporter fees for $18,532.23. *See* Taxed Bill of Costs, Dkt. # 216. The clerk denied this cost because Plaintiffs failed to explain how they used the transcripts. The court may tax all or part of the court reporter fees for use transcripts that were necessary for use in the case. § 1920(2).

Plaintiffs argue the transcripts were used to support motions and in trial. Plaintiffs assert the costs of transcribing depositions that are "reasonably necessary" for trial are an allowable cost for the prevailing party. *Sales v. Marshall*, 873, F.2d 115, 120 (6th Cir. 1989). Whether the transcript was necessary is determined at the time of deposition. *Id*. Second, they argue the certain transcripts were for depositions noticed by Defendants. *Hygiene Prods. Aktiebolag,* 2013 WL 5934141, at *2. This Court's Bill of Costs handbook directs counsel to inform the clerk of the title of the motion that transcript supports or the date on which it was read into the record. *See* E.D. Mich. Bill of Costs Handbook, § II C. Plaintiffs failed to do this for their deposition transcripts. Instead, they submitted several invoices to the clerk. For failure to follow the basic instructions of the Bill of Costs Form and Bill of Costs Handbook, the Court will not tax the

4

costs of the transcripts. Allowing such a cost would undermine the rules in the Court's Bill of Costs Handbook.

Third, Plaintiffs seek taxation of witness fees for $483.78. Witness fees are taxable costs. § 1920 (3). 28 U.S.C. § 1821 defines the taxable witness costs: 1) an attendance fee at trial of $40/day, 2) travel expenses; and 3) a subsistence allowance. 28 U.S.C. § 1821 (b)-(d). The Bill of Costs Handbook allows taxation of witness fees if the witness testifies at trial or their deposition is used at trial or in support of a motion. *See* E.D. Mich. Bill of Costs Handbook, § II E. This Court's handbook does not allow taxation of fees for people who are subpoenaed, but do not testify or deposed but the transcript is not used at trial or in a motion. *Id*. The Plaintiffs sought fees for Raymond Williams ($55.00); George Dorset ($58.43); Joel Quiroz ($78.00); John Finn ($151.44); and Tara Bride ($140.91). However, the Plaintiffs failed to specify whether the witnesses testified at trial or whether their deposition was used at trial or in a motion. The clerk denied these fees because their deposition transcripts were not taxable. *See* Taxed Bill of Costs, Dkt. # 216. Further, the submission of invoices alone does not follow the guidelines in the Court's Bill of Costs Handbook. The Court will not tax these costs.

Last, Plaintiffs seek to tax $2,928.83 in copying costs. The costs of copying materials that are "necessarily obtained for use in the case are taxable. § 1920 (4). Cost related to "scanning and imaging" of documents are a taxable cost in the Sixth Circuit. *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005). The clerk denied these costs. *See* Taxed Bill of Costs, Dkt. # 216. This Court's Bill of Costs Handbook states such costs are "not recoverable within the discretion of the taxation clerk unless counsel has previously secured an order authorizing [their] recovery[.]" *See* E.D. Mich. Bill of Costs Handbook, § II F. In the

absence of an order from this Court, the clerk correctly denied copying costs as a taxable cost. The Court did not issue such an order. Thus, the Court will not tax copying costs.

### IV. Conclusion

For the aforementioned reasons, the Court will not tax costs denied by the clerk. Plaintiffs' Motion for Costs and Review of the Clerk's Taxation of Costs [#223] is DENIED.

Dated: August 7, 2014            s/Gershwin A. Drain
     Detroit, Michigan            GERSHWIN A. DRAIN
                          United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **August 7, 2014**

           s/Tanya R. Bankston
           TANYA R.BANKSTON
           Case Manager & Deputy Clerk