UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTRACT DESIGN GROUP, INC.,
a Michigan corporation, and ROBERT
MURRAY,

      Plaintiffs,

v.

WAYNE STATE UNIVERSITY,
THE WAYNE STATE UNIVERSITY
BOARD OF GOVERNORS; JAMES
R. SEARS, in his individual and
official capacity; JOAN M.
GOSSMAN, in her individual and
official capacity; and JOHN L.
DAVIS, in his individual and official
capacity, jointly and severally,

      Defendants.
_____/

Case No.: 2:10-cv-14702

Honorable:  Gershwin A. Drain

Magistrate Judge:  Michael J.
Hluchaniuk

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND EXPENSES [#234] AND DENYING DEFENDANTS MOTION FOR AN ORDER FOR LIMITED DISCOVERY RELATED TO ATTORNEY'S FEES [#246]

### I.   Introduction

Plaintiffs Contract Design Group, Inc. ("CDG") and Robert Murray ("Murray") filed a Complaint against Defendants Wayne State University and The Wayne State University Board of Governors ("Wayne").  Plaintiffs also named three Wayne employees as Defendants: James R. Sears ("Sears"), Joan M. Gossman ("Gossman") and John L. Davis ("Davis").  This case went to trial, and on April 24, 2014, a jury returned a verdict for Plaintiffs on their counts of violation of procedural due process, account stated, and breach of contract.  *See* Dkt. # 202.  Presently before

the Court is Plaintiffs' Motion for Attorney's Fees and Expenses [#234] and Defendants' Motion for an Order for Limited Discovery Related to Plaintiff's Request for Attorney's Fees [#246]. For the reasons that follow, the Court will grant Plaintiffs' Motion for Attorney's Fees and Expenses deny Defendants' Motion for an Order for Limited Discovery Related to Plaintiffs' Motion for Attorney's Fees and Expenses.  For the reasons that follow, the Court will Grant the Plaintiffs Motion for Fees and Expenses [#234], and Deny Defendants' Motion for an order for Limited Discovery related to Plaintiffs' Motion for Attorney's Fees and Expenses [#246].

## II.     Factual Background

On April 22, 2014, the jury returned a verdict for CDG and Murray on their procedural due process claims, but did not award damages to CDG on the procedural due process claim. See Dkt. #202.  The jury found CDG could not establish actual damages, but the Court Awarded CDG nominal damages of $1.  *See* Dkt. #248.  The jury found that the Defendants violated Murray's procedural due process rights and awarded him $100,000.  The jury found CDG established an account stated, and awarded CDG $200,000 for this claim.  Last, the jury found Wayne in breach of contract, and the jury awarded CDG $250,000 for the breach of contract claim.  As the prevailing party in a § 1983 claim, CDG and Murray filed a Motion for Attorney's pursuant to 42 U.S.C. § 1988.

## III.     Law and Analysis

### A.  Standard of Review

The court, in its discretion, "may allow the prevailing party [on a section 1983 claim] a reasonable attorney's fee as part of the costs." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992).  The fee award is only appropriate when a party prevails on the merits.  *Id.*; *see also Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980).  Success on "any significant issue in the litigation which

achieves some of the benefit the parties sought in bringing the suit" is required for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The plaintiff must demonstrate that there is a resolution of the dispute that has changed the legal relationship between them and the defendant in order to be the prevailing party under § 1988. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989). Prevailing party status requires plaintiff to obtain some form of relief on the merits. *Farrar*, U.S. 506 at 111.

A party who has won nominal damages is a prevailing party for the purposes of § 1988. *Id*. at 112. A judgment for nominal damages modifies the defendant's behavior in the plaintiff's benefit because it makes the defendant pay money he would not have paid otherwise. The "magnitude of relief obtained" does not alter one's prevailing party status, and a party's degree of success does not affect their § 1988 eligibility. *Id*. at 114; *Garland*, 489 U.S. at 790. Nominal damages awards, however, do effect the "propriety" of the § 1988 award. *Id*. The extent of the plaintiff's success determines the reasonableness of the fee award. *Id*.; *Hensley v. Eckerthart*, 461, U.S. 424, 436. The degree of success is the most critical factor in determining the reasonableness of the fee award. *Id*.

A reasonable fee is the product of hours worked multiplied by a reasonable hourly rate, which is commonly referred to as the "lodestar" method. *Hensley*, 461, U.S. 436; *see Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005). Fees that are not reasonably expended, such as fees incurred as a result of duplication of efforts are to be excluded. *Id.* The reasonableness of hours (and hourly rate) is determined by consideration of the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6)

whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Isabel v. Memphis*, 404 F.3d 404, 415 (6th Cir.  2005).

In assessing the "reasonable hourly rate" component of the lodestar method the district court should assess the "prevailing market rate in the relevant community*." Blum v. Stenson*, 465 U.S. 886, 895 (1984).  The prevailing market rate is "that which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record . . . ." *Addock-Ladd v. Sec'y of Treasury*, 227 F. 3d 343, 350 (6th Cir. 2000).

There are cases in which the lodestar method leads to an excessive award for a party who has won only nominal damages.  *Hensley*, 461, U.S. 436.  The district court is obligated to consider the amount and nature of damages awarded in relation to the fee amount sought.  *City of Riverside Riverside v. Rivera*, 477 U.S. 561, 585 (1985) (Powell, J., concurring in judgment); *see Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 612 (6th Cir. 2004) (quoting Hensley, 461 424, 440 ("[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.").  Usually, a plaintiff who only has won nominal damages is entitled to a reasonable fee that is actually no fee.  *Rivera,* 477 U.S. at 580.

Section 1988 also grants the court the authority to award out-of-pocket expenses if they are reasonably incurred.  These expenses include postage, travel, meals, legal research and expert fees.  *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 639 (6th Cir. 1979).

The court may order discovery of any relevant matter in a case if there is good cause.  *See* Fed. R. Civ. P. 26(b)(1).  Discovery on fees is rare because it can result in a second round of major litigation in a case.  *Hensley*, 461, U.S. 424, 437 (1983).

### B.  Defendants' Motion

Defendants argue limited discovery on the issue of fees must take place because Plaintiffs' billing entries are vague and offer inadequate descriptions of work done on this case, particularly work done with the description "attention to."  In an effort to avoid creating a second trial on the issue of attorney's fees, the Court will DENY Defendants' Motion.  Plaintiffs' submission in Exhibit 4 of their Motion for Fees and Expenses details counsel's billing entries in a manner that accounts for roughly 87% of the work done in this matter.  "Attention to entries" comprise roughly 13% of the billing entries.  The Court has the authority to address vague entries in the motion for fees and expenses, and does not see the need to create a trial within a trial over the issues of attorney's fees.

### C.  Plaintiffs Motion

CDG and Murray are prevailing parties and seek fees based on the lodestar method for the work their counsel has performed on this case.  Plaintiffs have submitted significant evidence in order to establish counsel has billed at reasonable rates for the region.  *See* Pls'. Ex. 2, 3, & 5.  Plaintiffs have complied records for their hours spent on various aspects of this case.  *See* Pls'. Ex. 4 & 7-9.  The total amount Plaintiffs seek for work done on the matter is $763,093.00 plus a 10% fee enhancement, which adds up to an $839,402.30 attorney's fee request.  *See* Pls'. Mot. at 21.  Plaintiffs also seek costs totaling $33,590.69.  Defendants argue that CDG is not entitled to fees because the jury did not award damages to CDG on its due process claim, there is no entitlement to fees on the state law claims, and Plaintiffs engaged in fraud.

5

In the absence of special circumstances, the district court must award fees to the prevailing party. *Cleveland v. Ibrahim*, 121 F.App'x 88, 90 (6th Cir. 2005) (citing *Wikol*, 360 F.3d at 611). The Sixth Circuit has not found an instance where special circumstances justify denying fees under § 1988. *McQueary v. Conway*, 614 F.3d 591, 604 (6th Cir. 2010) (changes in law that would change the outcome of the case are not special circumstances that justify denial of attorney's fees); *see Wikol*, 360 F.3d 611 (prevailing party's bad acts are not special circumstances that justify denial of attorney's fees).

Defendants rely on *Farrar* for their argument, but *Farrar* does not establish a bright-line rule that a Plaintiff who wins nominal damages cannot recover attorney's fees. The jury found Wayne violated CDG's procedural due process rights, and CDG is a prevailing party under § 1988. Although *Farrar* holds that usually the reasonable fee is zero for a plaintiff who has won nominal damages, the same facts and evidence applied to both CDG and Murray's procedural due process claims. Plaintiffs made arguments on identical claims, used a common set of evidence to make these arguments, and succeeded on the merits for those claims. The award of damages to Murray still achieved Plaintiffs' desired results. *See Isabel*, 404 F.3d at 416 (holding plaintiff's success on one of four claims did not justify reducing attorney's fees). Work conducted for both CDG and Murray required counsel to apply the same legal theories and conduct legal work for to two distinct clients, a corporate client and individual client. The state law claims in this case are part of a common core of facts and derive from the due process violation. Plaintiffs presented evidence that Wayne considered them debarred before having a hearing, and said such in front of other contractors. Defendants offer no basis for their claim to the contrary.

Defendants vigorously argue that Plaintiffs engaged in fraud, and therefore, any deprivation was harmless or justified. This argument is unavailing. The jury was not asked to assess Plaintiffs' culpability. Moreover, both parties presented evidence that Plaintiffs had misled Wayne regarding the Prevailing Wage Act, and the jury still found Wayne in breach of contract.

Defendants also contend that the hours logged by Plaintiffs' counsel are excessive and should be limited to those adequately attributed to work on Murray's claim of deprivation of debarment procedure. Defendants argue Plaintiffs' counsel has not adequately detailed work for particular clients on particular claims. For reasons explained above, the court finds the claims in this case to be interrelated and derivative of a common set of sets that apply to both plaintiffs. A review of Plaintiffs' Exhibit 4, however, does show that some entries lack specificity and are categorized as "attention to." The Plaintiffs acknowledge that the court has the authority to apply across-the-board reductions in fees for vague billing entries. *See Potter v. Blue Cross Blue Shield of Michigan*, 10-14981, 2014 WL 1304327, at 26* (E.D. Mich. Mar. 31, 2014). The "attention to" entries are vague relative to other entries. The sum total of these entries is $97,802.00 of the $763,093.00 request or 12.8% of the total request. Given the size of this amount relative to the total request, the Court will apply a 10% reduction to Plaintiffs' fee request. The Court will award Plaintiffs $686,784.00 in attorney's fees, and will not grant their requested fee enhancement.

Plaintiffs also seek $33,590.69 in costs. Plaintiffs' costs consist of postage, meals, travel, legal research and expert fees. The statute explicitly authorizes expert fees. *See* § 1988(c). Proper invoices that charge the product of the experts' hours worked multiplied by a reasonable

fee in this case support expert fees.  *See* Pls'. Ex. 14.  The Court will award Expert expenses in the amount of $11, 743.75.

Under § 1988, the court can award costs for reasonable expenses for photocopying, paralegal services, travel and telephone costs.  *Doherty v. City of Maryville, Tenn.*, 3:07-CV-157, 2010 WL 3619958, at *4 (E.D. Tenn. Aug. 19, 2010); *see also Northcross*, 611 F.2d at 639.

**Postage**: Plaintiffs' Postal expenses are supported by a series of receipts that indicate the postage was for this matter and the total costs of the shipping from the carrier.  Plaintiffs seek to recover $136.67 in costs for postage, and have offered sufficient evidence to support their request.  See *Doherty,* 2010 WL 3619958, at *4 (awarding costs for postage supported by submission of receipts).  The Court will award costs for postage in the amount of $136.67.

**Meals**: Plaintiffs seek $98.53 in costs for meals.  The Tenth Circuit has approved costs for meals.  *Sussman v. Patterson*, 108 F.3d 1206 (10th Cir.1997) (approving award of costs in civil rights action for photocopying, mileage, meals, and postage).  A court in the Western District of Michigan has cited this case when explaining allowable costs.  *Beck v. Manistee Cnty.*, No. 1:97-CV-533, 2005 WL 2620194 (W.D. Mich. Oct. 14, 2005).  Plaintiffs submitted receipts in their request for costs for meals that total; $91.53 not including gratuity.  Plaintiffs have adequately supported this cost, and the Court will award costs in the amount of $91.53 for meals.

**Travel**: Plaintiffs seek costs for travel expenses in the amount of $301.00.  These costs include travel to depositions and court proceedings for the case. *See* Pls'. Ex.  12.  Plaintiffs seek to recover the cost of using various parking lots in Downtown Detroit.  These costs are also supported by receipts and cost reports.  The Court will award travel expenses in the amount of $301.00.

**Legal Research**: Plaintiffs seek $21,310.74 in legal research costs for this matter. There is no binding Sixth Circuit authority that states legal research fees are reasonable costs under §1988. *Cleveland Area Bd. of Relators v. City of Euclid*, 965 F.Supp. 1017, 1023-24 (N.D. Ohio 1997) (awarding computerized legal research costs under §1988 following the trend of other circuits and district courts); see also *Project Vote v. Blackwell*, No. 1:06–CV–1628, 2009 WL 917737, at *19 (Mar. 19, 2009 N.D. Ohio). Generally, the added costs of this research equals the time and money saved in man hours on manual research. *Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1440–41 (7th Cir.1994). The trend of awarding fees for computerized legal research is twenty years old. This Court shares the Seventh Circuit's sentiment in *Haroco*, and will award fees for legal research in the amount of $21, 310.74.

The court will award expenses to Plaintiffs in the amount of $33,583.69 and $686,784.00 in attorney's fees.

## IV.    Conclusion

For the aforementioned reasons, the Court will award attorney's fees and expenses, and Plaintiffs' Motion for Attorney's and Expenses [#234] is GRANTED. Defendants' Motion for an Order for Limited Discovery Related to Plaintiffs' Motion for Attorney's Fees and Expenses [#246] is DENIED.

SO ORDERED.

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge

9