UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTRACT DESIGN GROUP, INC., *et al.*,

        Plaintiffs,

                                        Case No. 10-cv-14702
                                        Honorable Gershwin A. Drain

v.

WAYNE STATE UNIVERSITY, *et al.*,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR STAY OF EXECUTION WITHOUT BOND PENDING APPEAL [#264]

### I. INTRODUCTION

Plaintiffs, Contract Design Group, Inc. ("CDG") and Robert Murray ("Murray"), filed a Complaint against Defendants Wayne State University and The Wayne State University Board of Governors ("Wayne"). Plaintiffs also named three Wayne employees as Defendants: James R. Sears ("Sears"), Joan M. Gossman ("Gossman") and John L. Davis ("Davis"). This case went to trial and, on April 24, 2014, a jury returned a verdict [#202] in favor of the Plaintiffs for their counts of violation of procedural due process, account stated, and breach of contract.

Presently before the Court is Defendants' Motion for Stay of Execution Without Bond Pending Appeal [#264]. This matter is fully briefed and the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve Defendants' Motion on the briefs submitted and cancels the October 27, 2014 hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed herein, the Court will **GRANT** Defendants' Motion for Stay of Execution Without Bond Pending Appeal.

## II. FACTUAL BACKGROUND

On April 22, 2014, the jury returned a verdict for CDG and Murray on their procedural due process claims, but did not award damages to CDG on the procedural due process claim. *See* Dkt. No. 202. The jury found CDG could not establish actual damages, but the Court Awarded CDG nominal damages of $1. *See* Dkt. No. 248. The jury also found that the Defendants violated Murray's procedural due process rights and awarded him $100,000. Next, the jury found CDG established an account stated, and awarded CDG $200,000 for this claim. Lastly, the jury found Wayne in breach of contract, and the jury awarded CDG $250,000 for the breach of contract claim. In total, Judgment was entered in this matter in favor of Plaintiff in the amount of $550,000, plus interest as provided by law. *See* Dkt. No. 203; Dkt. No. 248.

On August 7, 2014 this Court denied Defendants' Motion for New Trial or Remittitur and Motion for Judgment or Partial Judgment as a Matter of Law. *See* Dkt. No. 260. On August 14, 2014 this Court granted Plaintiffs' Motion for Attorney's Fees and Expenses in the total amount of $720,367.69. *See* Dkt. No. 262. On August 15, 2014 this Court granted Plaintiffs Motion for Pre-Judgment Interest. *See* Dkt. No. 263. Following these decisions Defendants now wish to pursue an appeal by right to the Court of Appeals.

## III. LAW & ANALYSIS

### A. Standard of Review

An appellant may obtain a stay of execution on a judgment pending appeal by filing a supersedeas bond. *See* Fed. R. Civ. P. 62(d). "Rules 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right," but it "in no way necessarily implies that filing a bond is the only way to obtain a stay." *Arban v. W. Pub. Corp.,* 345 F.3d 390, 405 (6th Cir. 2003). This Court has discretion to issue a stay without the filing of a bond.

*See id.* In *Arban,* the court noted that "an inflexible requirement of a bond would be inappropriate ... where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Id.* (quoting *Olympia Equip. Leasing Co. v. Western Union Tel. Co.,* 786 F.2d 794, 796 (7th Cir. 1986)).

The Sixth Circuit has not outlined a specific test to guide the decision of a district court when considering whether to grant a request for an unsecured stay. Nevertheless, courts have tended to examine the purpose of Rule 62(d) in making a decision to grant requests for an unsecured stay. The purpose of the bond requirement set forth in Rule 62(d) is to protect both parties. *See Hamlin v. Charter Tp. of Flint,* 181 F.R.D. 348, 351 (E.D. Mich. 1998). The bond requirement protects the appellant from "the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal" while protecting the appellee "from the risk of a later uncollectible judgment and also provid[ing] compensation for those injuries which can be said to be the natural and proximate result of the stay." *Id.* (internal quotation marks omitted). Thus, "Rule 62(d) establishes not only the appellant's right to a stay, but also the appellee's right to have a bond posted. Because of Rule 62(d)'s dual protective role, a full supersedeas bond should almost always be required." *Id.; see also Pucci v. Somers,* 834 F.Supp.2d 690, 706 (E.D. Mich. 2011) (quoting *Hamlin*, 181 F.R.D. at 351).

Despite the presumption that a supersedeas bond is almost always required, two circumstances exists in which courts are urged to consider foregoing the supersedes bond: (1) where "the [appellant's] ability to pay the judgment is so plain that the cost of the bond would be a waste of money" and (2) where "the requirement would put the [appellant's] other creditors in undue jeopardy." *Pucci,* 834 F.Supp.2d at 707 (quoting *Olympia Equip. Leasing Co. v. Wester Union Tel. Co.,* 786 F.2d 794, 796 (7th Cir.1986)); *see also Arban,* 345 F.3d at 409 (affirming

decision to grant stay without bond "[i]n light of the vast disparity between the amount of the judgment in this case and the annual revenue of the [defendant]"); *cf. Dubuc v. Green Oak Twp.,* No. 08–13727, 2010 WL 3908616, at *2 (E.D.Mich. Oct.1, 2010) (preferring an analysis that "looks to whether there are 'extraordinary circumstances' that justify deviating from the bond requirement").

"When an appellant claims its ability to pay the judgment is so obvious that posting a bond would simply be a waste of money, courts have generally required the appellant to present 'a financially secure plan for maintaining that same degree of solvency during the period of an appeal.' " *Hamlin,* 181 F.R.D. at 353 (quoting *Poplar Grove Planting & Refining, Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir.1979).

### B.  Legal Analysis

This Court will grant Defendants Motion because Defendants have demonstrated the ability to satisfy the judgment, and have demonstrated that they will be able to maintain same degree of solvency during the period of an appeal. In this Court's June 25, 2014 Order, the Court considered Rule 62(b)'s bond requirement, and held that, "[g]iven the outstanding post-trial motions" in the case, the stay and waiver of the requirement to post bond was appropriate. *See Contract Design Grp., Inc. v. Wayne State Univ.*, No. 10-14702, 2014 WL 2892513, at *2 (E.D. Mich. June 25, 2014). In reaching the conclusion, this Court used Rule 62(d)'s factors for waiver of bond as guidance for our decision regarding Rule 62(b)' bond requirement. *See Contract Design*, 2014 WL 2892513 at *1-2. Ultimately, the Court determined that Wayne had sufficient funds to satisfy the judgment if it wasn't successful on its post-judgment motions. *Id.* at 2.

Defendants rely heavily on this Court's June 25, 2014 Order. *See* Dkt. No. 264 at 5 (referencing *See Contract Design*, 2014 WL 2892513 at *2). Specifically, the Defendants emphasize the fact this Court already determined that Wayne State University has demonstrated that its ability to satisfy the judgment in this matter is so plain that the cost of the bond would be a waste of money. *See* Dkt. No. 264 at 13.

Here, the Defendants primarily argue that this court should grant a stay without bond pending appeal for two reasons: (1) Defendant Wayne State University is a constitutionally-created entity whose finances are a matter of public record; and (2) there is currently $183,500,000.00 in unrestricted funds available to Wayne State University, which Defendants assert is more than sufficient to pay the judgment and award of attorney fees and expenses in this case. *See* Dkt. No. 264 at 12-13 (citing Dkt. No. 264-3 (Supplemental Affidavit of Richard J. Nork, Vice President of Finance and Businesses Operations, Treasurer and Chief Financial Officer for Wayne State University, attesting to these facts, and that Wayne State will pay the judgment, fees and expenses if affirmed on appeal)). According to Defendants, this Court should have no issue granting a stay without the requirement of a bond because the facts here are similar to those in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988). Dkt. No. 264 at 12.

Plaintiffs do not dispute that Defendants have sufficient funds to satisfy this judgment. Dkt. No. 269 at 3. Instead, the crux of Plaintiffs' opposition is found in the Plaintiffs emphasis that the Defendants have not proposed a plan that will ensure prompt payment upon appellate affirmance. *Id.* at 4. According to the Plaintiffs, any stay issued by the Court should be conditioned upon prompt payment in order to stay in line with what Plaintiffs assert to be the purpose of Rule 62(d): "enabling a judgment creditor that has prevailed upon appeal 'to enforce a valid judgment immediately.' " *Id.* at 3-4 (citing *Hamlin*, 181. F.R.D. at 351. Accordingly,

Plaintiffs request that Defendants motion be denied unless this Court ensures prompt payment directing Defendants to satisfy the judgment within 14 days from the issuance of the appellate mandate with 12% annual interest on the unsatisfied balance. *Id.*

The Court disagrees with the Plaintiffs arguments. First, Plaintiffs' insinuation that Defendants are required to propose a plan that will ensure prompt payment upon appellate affirmance is misguided. To be clear, the court in *Hamlin* stated specifically that the Court is required only to ensure that Defendants will maintain the "same degree of solvency during the period of an appeal.' " *Hamlin,* 181 F.R.D. at 353 (quoting *Poplar Grove Planting & Refining, Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir.1979).

Second, the Plaintiffs' framing of the purpose of Rule 62(d) is misleading. As previously noted, with respect to the appellee, the purpose of Rule 62(d) is to protect the appellee "from the risk of a later uncollectible judgment and also provide[] compensation for those injuries which can be said to be the natural and proximate result of the stay." *Hamlin,* 181 F.R.D. at 351 (internal quotation marks omitted). Plaintiffs assert that a purpose of Rule 62(d) is "enabling a judgment creditor that has prevailed upon appeal 'to enforce a valid judgment immediately.' " *See* Dkt. No. 269. at 3-4 (citing *Hamlin*, 181 F.R.D. at 351). This is not the case. The Court in *Hamlin* specifically mentions that an appellee has a "right to enforce a valid judgment immediately[,]" which "Rule 62(d) effectively deprives him of[.]" *Hamlin*, 181 F.R.D. at 351.

Accordingly, this Court finds that it has been presented with the requisite amount of information to support granting a stay without requiring a bond because Wayne State has, "demonstrated the existence of previously appropriated funds, available for the purpose of paying judgments without substantial delay or other difficulty." *Dillon v. City of Chicago*, 866 F.2d 902, 905 (7th Cir. 1988). Notably, Plaintiffs have acknowledged that "Wayne State

-7-

*obviously* 'has sufficient funds to satisfy this judgment.' " Dkt. No 269 at 3 (citation omitted) (emphasis added). This Court agrees with Plaintiffs to that extent and finds, given the independently analyzed financial statements provided by the University, that the Defendants' ability to pay the judgment is so plain that the cost of the bond would be a waste of money. *See Contract Design.*, 2014 WL 2892513 at *2.

Further, Wayne State has promised to "make every effort to expedite payment upon affirmance of the judgment" and has noted that "such payment would of course include interest on the judgment and fees, as has been ordered by the Court, that will compensate plaintiffs for the time it will take for Wayne State University to process the payment it has promised to make." Dkt No. 264 at 5. Thus, this Court finds that, upon the disposition of the appeal, Plaintiff will be protected "from the risk of a later uncollectible judgment" and will also "receive compensation for those injuries which can be said to be the natural and proximate result of the stay." *Hamlin,* 181 F.R.D. at 351 (internal quotation marks omitted). Accordingly, Plaintiffs will not be deprived of the right to enforce a valid judgment and Defendants Motion will be granted.

### IV. CONCLUSION

For the aforementioned reasons, the Court will **GRANT** Defendants' Motion for Stay of Execution Without Bond Pending Appeal [#264].

SO ORDERED.

Dated: October 20, 2014

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge